[No. 14402.   Department One.   April 3, 1918.]

JULIA A. THOMPSON, *Respondent,* v. BOON THOMPSON, *Appellant.*[1]

DIVORCE—DECREE—AWARD OF PROPERTY IN COMMON. It is error in granting a divorce, to make an award in common instead of a physical division, where the property both real and personal was extensive and diversified, and it would be oppressive to the defendant and ineffectual to plaintiff without resorting to an independent proceeding.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered January 23, 1917, upon findings in favor of the plaintiff, in an action for divorce, tried to the court. Modified.

*Martin & Jesseph,* for appellant.

*Freece & Pettijohn* and *J. Leonard Welborn,* for respondent.

WEBSTER, J.—Respondent and appellant intermarried on September 30, 1894, and as the result of this union, six children were born. Largely through the joint efforts of the parties, a vast amount of property was accumulated; the land lying in Lincoln, Grant and Douglas counties; the personalty being of a diversified character.

On April 13, 1915, respondent instituted this action for divorce, for custody of the minor children, and for a division of the property. Appellant resisted the action, and by way of cross-complaint, set up grounds for divorce in his favor and prayed for a decree in accordance therewith.

After a trial lasting many days, the court, on January 23, 1917, entered a decree granting the divorce and the custody of the minor children to respondent,

[1]Reported in 171 Pac. 1005.

further providing that respondent be awarded an undivided one-half interest in and to all of the real estate and personal property owned by the parties, including the rents, issues and profits derived from the land and personal property since the commencement of this action, together with one-half of the increase of the live stock and one-half of all moneys on hand or in bank belonging to the parties; also requiring the appellant to account for and pay over to respondent one-half of all moneys and securities now on hand and belonging to the parties or either of them, and that he be required to forthwith deliver respondent one-half of all unsold crops, and one-half of the proceeds from the crops raised, marketed and sold from the lands since the commencement of the action; further enjoining the appellant from selling or disposing of any of said property without the consent in writing of the respondent.

From this decree, the defendant has appealed, his chief complaint being that the court should have actually divided the property between the parties instead of awarding it to them in common. It is also insisted, however, that the court should not have granted respondent one-half of the property.

A perusal of the record satisfies us that it is impossible for the parties to longer live together, and that the evidence amply supports the findings of the lower court in granting the divorce on the grounds alleged in the complaint. In view of the interests of the minor children, we shall not enlarge upon the domestic unhappiness of respondent and appellant, nor discuss the causes which led to the separation. It is sufficient to say that the provisions of the decree relating to the divorce and the custody and support of the minor children are proper. With respect to the equal division of the property, we are of the opinion that the court did not err. In the light of all the facts and circumstances

disclosed by the record, the award to respondent of one-half of the entire property was just and equitable.

Taking into consideration, however, the large amount and diversified character of the property, both real and personal, the court should have proceeded to a physical division of the property instead of awarding it in equal shares in common. It is apparent that the decree in its present form is peculiarly oppressive to appellant, likewise ineffectual for respondent without resort to an independent proceeding instituted in her behalf. It is impossible for this court, in the present state of the record, to make a fair and just distribution of the real estate and personalty, or to determine the amount due the respondent under the accounting provided for in the decree. Furthermore, we do not feel warranted in depriving the parties of the benefit of the superior facilities possessed by the lower court for discharging such task, including its power to appoint commissioners, if necessary, to assist in parceling out the property.

The decree will, therefore, be affirmed in all respects excepting the provisions thereof awarding the property to the parties in common. In that regard, the decree will be reversed, and the cause remanded with directions to the lower court to divide the property, both real and personal, equally, and to proceed to an accounting, if necessary, to the end that the rights of the parties may be fully and completely determined.

ELLIS, C. J., FULLERTON, MAIN, and PARKER, JJ., concur.