[No. 32553. Department One. November 5, 1953.]

HARRY SHAFFER, *Respondent*, v. FLORENCE SHAFFER, *Appellant*.[1]

*Lee Olwell*, for appellant.

*Robert F. Sandall*, for respondent.

OLSON, J.—Defendant has appealed in this divorce action. She challenges the award of a certain apartment house and its furnishings to plaintiff and defendant as "joint owners or tenants in common." This property is the principal asset of the parties, and is referred to as the Aloha street property. Apparently, it was the separate property of defend-

[1]Reported in 262 P. (2d) 763.

ant, and plaintiff claimed to have made improvements on it since their marriage. The parties had other assets, some of which the court awarded to each of them. The findings of fact are silent regarding the value of any of the property.

Divorce is a statutory proceeding. The section pertinent in this case reads in part as follows:

" . . . Upon the conclusion of a divorce . . . trial, the court must make and enter findings of fact and conclusions of law. If the court determines that either party, or both, is entitled to a divorce . . . , judgment shall be entered accordingly, granting the party in whose favor the court decides a decree of full and complete divorce . . . , and making such disposition of the property of the parties, either community or separate, as shall appear just and equitable, having regard to the respective merits of the parties, to the condition in which they will be left by such divorce . . . , to the party through whom the property was acquired, . . . Such decree . . . as to . . . the custody, management and division of property shall be final and conclusive upon both parties subject only to the right to appeal as in civil cases, . . ." RCW 26-.08.110 [cf. Rem. Supp. 1949, § 997-11], Laws of 1949, chapter 215, § 11, p. 701.

■ Similar language has been in the divorce statutes of this state for many years. Rem. Supp. 1947, § 988 (Laws of 1947, chapter 161, § 1, p. 731), Rem. Rev. Stat., § 989 (Laws of 1891, chapter 26, § 5, p. 43). It establishes the duty of the trial court to dispose of all of the property of the parties which is brought to its attention in the trial of a divorce case. *Biehn v. Lyon*, 29 Wn. (2d) 750, 756, 189 P. (2d) 482 (1948), and cases cited. See *Merkel v. Merkel*, 39 Wn. (2d) 102, 114, 234 P. (2d) 857 (1951).

■ The trial court has a wide discretion in this regard, but the result of the decree in the case at bar is to leave the Aloha street property the same as if it were community property of the parties which had not been before the court for disposition. They become tenants in common of any community property not disposed of by the decree. *Olsen v. Roberts*, 42 Wn. (2d) 862, 864, 259 P. (2d) 418 (1953), and cases cited. This was not a performance of the court's statutory duty.

The wisdom of the legislative requirement is well illustrated by this case. Because of the inadequacies in the decree, future litigation, including a partition action, between the parties may be necessary. They should not be left with this prospect. They have a right to have their respective interests in their property after they are divorced, definitely and finally determined in the decree which divorces them.

In the absence of any finding of the value of the Aloha street or other property, or of the parties' respective contributions to it, if any, we cannot review the merits of the decision.

We will not consider the other assignments of error, including those challenging the denial of the award of alimony and attorney's fees to defendant. These questions must be reconsidered by the trial court, together with its determination of the proper disposition of the Aloha street property. In reaching its decision, the court will give proper regard to the factors mentioned in the quoted statute, and to the value of the other property which has been awarded to each of the parties. These latter awards and the divorce provisions of the decree are now final, under the same statute, because they were not placed in issue on this appeal.

The decree regarding the Aloha street property, alimony, and attorney's fees for defendant is reversed, and the cause is remanded for a new trial upon these issues.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

December 14, 1953. Petition for rehearing denied.