[No. 32693. Department One. March 19, 1954.]

DOROTHY BERNIER, *Appellant*, v. EARL BERNIER, *Respondent.*[1]

[1]Reported in 267 P. (2d) 1066.

*Wolfstone & Lambert* and *Koenigsberg & Roberts,* for appellant.

*Wright, Booth & Beresford,* for respondent.

OLSON, J.—This is an appeal by plaintiff wife from that portion of a decree of divorce pertaining to the division of the community property of the parties. We are not concerned with the provisions of the decree granting her a divorce, placing the younger daughter of the parties, who was eight years of age at the time of trial, in her mother's custody, and providing for certain support and visitation by the husband.

The parties were married September 12, 1931. They had two children, both girls. The older one was eighteen years of age at the time of trial and was not mentioned in the decree.

Mrs. Bernier contends that it was error to award the home of the parties to them as tenants in common, as the court did in the following language in its decree:

"That the plaintiff and the defendant be, and they hereby are, awarded, as tenants in common, the real property more particularly described as follows: [description]; together with the home situate thereon, with the proviso, however, that the plaintiff is hereby awarded the sole and exclusive right of possession of said real property during the lifetime of the minor child of the parties hereto, Michele Bernier, or until said child shall reach the age of 16 years, or until said child shall become emancipated or self-supporting, or until the plaintiff, Dorothy Bernier, shall remarry, whichever shall occur the earliest, at which time plaintiff's sole and exclusive right of possession shall automatically cease and terminate without further action of this court and both parties shall at the time of the occurrence of the earliest contingency hereinbefore referred to, have the full rights granted to a tenant in common under the laws of the State of Washington. . . ."

The decree also contained provisions to insure the right of possession to the wife, and provided that she might rent the property, with consent of the husband, and account for the rentals, and also specified that expenses for taxes, assess-

ments, and insurance upon the property be equally divided between the parties.

▇ Decision of this issue is governed by the rule found in *Shaffer v. Shaffer*, 43 Wn. (2d) 629, 630, 262 P. (2d) 763 (1953). In that case, after pointing ·out that the statute (RCW 26.08.110 [*cf*. Rem. Supp. 1949, § 997-11]) establishes the "duty of the trial court to dispose of all of the property of the parties which is brought to its attention in the trial of a divorce case," we held that an award of community property to the parties as tenants in common is not a performance of the court's statutory duty. We held that the parties "have a right to have their respective interests in their property after they are divorced, definitely and finally determined in the decree which divorces them."

The decree in the case at bar does not meet this requirement. It does not determine definitely and finally the respective interests of these parties in the real estate in question. They are left, as were the parties in the *Shaffer* case, with a prospect of future litigation, including a partition action, upon the ultimate occurrence of certain events mentioned in the questioned paragraph of the decree.

The husband contends that there have been cases in which this court has approved an award of property to the parties to a divorce action as tenants in common, of which *High v. High*, 41 Wn. (2d) 811, 252 P. (2d) 272 (1953), and *Nelson v. Nelson*, 43 Wn. (2d) 278, 260 P. (2d) 886 (1953), are examples. Examination of all of those cases shows that in none of them was the issue of the propriety of the form of such an award submitted for decision. We know of no divorce case, and none has been called to our attention, in which the facts are similar or the issue has been presented as it was in this case and in the *Shaffer* case, and an award of property to the parties as tenants in common has been approved. See *Thompson v. Thompson*, 100 Wash. 671, 673, 171 Pac. 1005 (1918), in which such a decree was disapproved. Actually, as stated in the *Shaffer* case, a decree awarding community property to the parties as tenants

in common, leaves them in the identical situation in which they would be if the property were not brought before the court for disposition. See *Olsen v. Roberts,* 42 Wn. (2d) 862, 259 P. (2d) 418 (1953), and cases cited.

In addition to their home, the parties owned a meat market and grocery store, household goods and furnishings, an automobile, and certain cash and insurance policies, all of which was community property. Some of it was subject to heavy indebtedness. Shortly before the complaint was filed in this action, the parties entered into a property settlement agreement purporting to establish their future rights and obligations. The husband raised the issue of the fairness of the agreement by his answer, in which he prayed that it not be confirmed. The trial court did not divide the property upon the agreed terms. The wife now contends that the agreement was binding upon the court, in the absence of fraud, duress, or other equitable considerations, and that its failure to approve and confirm the agreement was error.

█ While a property settlement agreement, fairly reached, should have great weight with the court in determining the property rights of the parties to a divorce action, it is not binding upon the court. The rule is well stated in *Lee v. Lee,* 27 Wn. (2d) 389, 400, 178 P. (2d) 296 (1947):

"As a general rule, voluntary settlements of property rights are binding on the parties and will be upheld if they are fair and equitable, untainted with fraud, collusion, coercion, undue influence, or the like, although, in subsequent actions for divorce, such settlements or agreements are not binding on the court and may be disregarded if the court is satisfied that they are unfair, unjust, or do not constitute a proper division of the property. *Tausick v. Tausick,* 52 Wash. 301, 100 Pac. 757; *Malan v. Malan,* 148 Wash. 537, 269 Pac. 836; *State ex rel. Atkins v. Superior Court,* 1 Wn. (2d) 677, 97 P. (2d) 139; 27 C. J. S. 1157, Divorce, § 301."

The trial court did not find the value of any of the items of property. It ordered that the businesses could be sold by defendant, in which event the proceeds after payment of debts were to be divided equally between the parties.

Counsel stated in oral argument that one of the stores had been sold since the decree was entered, upon terms which apparently were agreeable to both parties.

■ Considering the evidence and circumstances in this case, we cannot say that the trial court abused its discretion when it declined to approve and confirm the property settlement agreement as a fair disposition of the rights of the parties.

In the absence of findings of the value of any of the property, we cannot make a fair and equitable division of the home. The portions of the decree affecting property other than the home will not be disturbed, but may be considered by the court, together with the other factors specified in the cited statute, in its determination of the proper ultimate division of the home property.

The decree is reversed, and the cause remanded to the trial court for a new trial upon this issue.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.

[1]Reported in 267 P. (2d) 1064.