[No. 1729-1.   Division One.   November 19, 1973.]
DAWN E. MOORE, *Respondent*, v. GEORGE F. MOORE, *Appellant.*

*Gale P. Hilyer, Jr.,* for appellant.

*Yvonne Carroll* and *Evangeline Starr,* for respondent.

FARRIS, J.—George Moore appeals from the trial court's division of property between his former wife, Dawn, and himself in a divorce action. No other error is assigned.

Mrs. Moore initiated an action for separate maintenance. Mr. Moore cross claimed for divorce. Mrs. Moore then amended her complaint, changing her prayer for relief from separate maintenance to divorce. A divorce was granted to each party, with the decree dividing the property of the parties.

It is not disputed that at the time of the divorce the husband's separate property was valued at $184,000, the wife's separate at $17,000, and the community property at $10,800. The court awarded the wife $51,784 of the husband's separate property, the full $17,000 of her own separate property, and $8,000 of the community property.

The parties were married on December 19, 1961, and the divorce decree was entered May 15, 1972. No children were born to the parties. The trial court found as a fact:

Plaintiff is 59 years of age and apparently has had a number of surgical operations, the last having to do with one of her arms. No medical testimony was offered as to the state of her health or the nature or result of past medical treatment or surgery. To the court she appears to be in reasonably good health for her age. Plaintiff has had limited education and training; her last employment appears to have been selling Amway Products. Plaintiff currently has no regular income or employment.

Defendant is 61 years of age. He also has had some health problems but seems to be in reasonably good health for his age. His gross salary from Time Oil Company was $11,375 in 1971 and his taxable income from dividends, interest and capital gains was about $10,000 for the same year making a total taxable income of $21,283.

The parties have been married for slightly more than ten years. The disparity in their earning ability is obvious. The plaintiff's earning capacity is very limited while the defendant, with his investments, business properties and salary, has no apparent problems as to providing for himself.

Finding of fact No. 7.

The parties signed a prenuptial agreement in which the wife waived all rights in her husband's separate property. This agreement was set aside pursuant to *Friedlander v. Friedlander*, 80 Wn.2d 293, 494 P.2d 208 (1972). No error is assigned to this action.

The trial court concluded, however, that *Friedlander* compelled a division of Mr. Moore's separate property.

[I]t [*Friedlander*] is really writing some new divorce law in this state. As you have indicated, it appears to be remarkable in that, as I read it and as you seem to read it, it sort of compels the trial court to divide a part of Mr. Friedlander's separate property. . . . The case as I read it, compels me to divide separate property, or compelled the court in Friedlander, and these two cases are factually extremely similar. The only big difference be-

tween this case and the Friedlander case is apparently the value of the husband's separate property.

The parties agree that the issue on appeal is whether the *Friedlander* opinion compels a division of the husband's separate property. We find that it does not.

■ All property of the parties to a divorce action, community and separate, is before the court and subject to distribution. While the court may under certain circumstances award part or all of one spouse's separate property to the other, the situations which warrant such action are exceptional. *Bodine v. Bodine,* 34 Wn.2d 33, 35, 207 P.2d 1213 (1949); *Holm v. Holm,* 27 Wn.2d 456, 178 P.2d 725 (1947). *Friedlander* did not overrule this line of authority. It holds that a prenuptial agreement in the absence of the full and fair disclosure of all assets is void and the trial court's distribution of property in accordance with a void agreement is improper. *Friedlander v. Friedlander, supra* at 303. The court is required to *consider* among other facts the separate property of the parties, but this consideration does not require the court to *invade* the separate property. The rule is properly set forth in *Bodine v. Bodine, supra* at 35:

> While . . . . , all the property of the parties, community and separate, is before the superior court and subject to distribution, and while the superior court may, under certain circumstances, award part or all of one spouse's separate property to the other, the situations which warrant such action are exceptional.

■ In order to avoid the necessity of a new appeal in the event that the trial court finds that the separate property of either spouse should be invaded, consideration should be given to the requirement that a division of property be such that the respective interest in the property is definitely and finally determined. *Bernier v. Bernier,* 44 Wn.2d 447, 449, 267 P.2d 1066 (1954); *Shaffer v. Shaffer,* 43 Wn.2d 629, 630, 262 P.2d 763 (1953). The treatment by the court of the Kelso contract did not meet this requirement.

· The cause is remanded for reconsideration of the property division consistent with this decision.

Reversed and remanded.

HOROWITZ and CALLOW, JJ., concur.