[No. 10742-9-I. Division One. January 9, 1984.]

AETNA LIFE INSURANCE COMPANY, *Plaintiff*, v. SHARON ANN WADSWORTH, *Respondent*, JOAN CAROL WADSWORTH, *Appellant*.

*Keller, Rohrback, Waldo, Hiscock, Butterworth & Fardal* and *Kurt Lichtenberg,* for appellant.

*William J. Carlson,* for respondent.

SCHOLFIELD, J.—Joan Carol Wadsworth appeals a summary judgment rendered in favor of Sharon Ann Wadsworth, alleging the trial judge erred in awarding the proceeds of a group life insurance policy on the life of Lawrence Kirby Wadsworth to his widow rather than to her, his ex–wife and named beneficiary.

Joan Wadsworth (Joan) and the decedent, Lawrence Wadsworth, were divorced August 3, 1978 in King County, Washington. The dissolution decree dissolving the marriage incorporated a separation contract in which Joan conveyed to Lawrence as his sole and separate property, free and clear of any right, title or interest on her part, all life insurance policies insuring his life. Lawrence Wadsworth married Sharon Wadsworth (Sharon) the same day in Nevada.

Lawrence Wadsworth died intestate on January 10, 1981. At the time of his death, he was covered by a group life insurance policy No. GL707, issued through his employer, The Boeing Company. The Boeing Company paid all premiums on the policy from the date of issuance to the date of his death. Sharon, as surviving spouse and administratrix of his estate, claimed the proceeds of the policy. The policy names Joan as the beneficiary. Under the terms of the policy, the insurer paid $1,000 to the surviving spouse

and deposited the disputed funds into the registry of the court. Joan made a motion for partial summary judgment, alleging she was entitled to one–half of the policy proceeds as named beneficiary. Sharon brought a cross motion for summary judgment, claiming all the proceeds. In considering the motions, the trial judge had before him memorandums submitted by counsel and affidavits from Sharon's attorney, William J. Carlson, and Joan's attorney at the dissolution, Richard F. McDermott, Jr. The trial judge granted summary judgment in favor of Sharon and denied the relief requested by Joan.

Joan then brought a motion for reconsideration, presenting affidavits of her daughter, Susan Eich, and herself, seeking to raise issues of fact sufficient to cause the court to set the matter for trial. The judge denied Joan's motion, entered findings of fact and conclusions of law, and rendered summary judgment. Joan appeals.

We first address Joan's contention that the trial judge erred in ruling as a matter of law that the dissolution decree divested her of her right to take as a beneficiary of the life insurance policy on the life of her ex–husband. She contends the insurance policy was not adequately identified or disposed of in the decree of dissolution. We do not agree.

■ There must be sufficient specificity in decrees of dissolution so that assets can be identified and their disposition known. *Yeats v. Estate of Yeats,* 90 Wn.2d 201, 580 P.2d 617 (1978). Construction of a separation contract and interpretation of a decree of dissolution incorporating that contract present an issue of law. *In re Marriage of Gimlett,* 95 Wn.2d 699, 705, 629 P.2d 450 (1981); *Callan v. Callan,* 2 Wn. App. 446, 448, 468 P.2d 456 (1970). This court's interpretation of the decree is based on the intent of the parties as reflected in the language used in the property settlement agreement.

The Wadsworth dissolution decree incorporated their settlement agreement, which stated:

7. Wife hereby sells, assigns, conveys, transfers and sets over to Husband, as his sole and separate property,

free and clear of any right, title or interest on her part, all of the following described community and separate property, to–wit:

. . .

   e. All life insurance policies insuring the life of the Husband.

The trial judge found the decree sufficiently specific to identify the Boeing insurance policy and dispose of it as a community property asset by awarding it to Lawrence Wadsworth. The policy was not specifically identified by policy number or company name, but a review of the affidavit of Joan's attorney, Mr. McDermott, who drafted the separation agreement, reveals that the policy was known to both parties and considered in the property division. Since the retirement benefits from Lawrence Wadsworth's employment were specifically divided, it is reasonable to conclude the parties knew of and intended to dispose of life insurance benefits provided by the same source. The intention of the parties as reflected in the language of the decree establishes that the life insurance policy owned by the community was to be awarded to Lawrence Wadsworth as his separate property.

Joan next contends that even if the decree awarded the insurance policy to Lawrence Wadsworth, she should nevertheless take the proceeds of the policy as named beneficiary. The rule in Washington is contrary to her contention.

■ When a property settlement is approved by a divorce decree, the rights of the parties rest upon the decree. *United Benefit Life Ins. Co. v. Price,* 46 Wn.2d 587, 588, 283 P.2d 119 (1955). Where, by the terms of the decree, the husband is awarded all policies of life insurance on his life, the wife is divested of any interest she might have had as the beneficiary under those policies. *United Benefit,* at 589. The trial judge was correct in ruling that the decree divested Joan of all her property rights in the insurance policy, including her right to take as beneficiary.

■ The judge erred, however, in characterizing the insurance policy as the community property of Sharon and

Lawrence Wadsworth. When the community existing between Joan and Lawrence Wadsworth was dissolved, the life insurance policy became the separate property of Lawrence Wadsworth. *See Edmonds v. Ashe,* 13 Wn. App. 690, 695, 537 P.2d 812 (1975). There was no evidence that the separately owned life insurance policy was converted to community property by any agreement between Sharon and Lawrence Wadsworth. Ownership of an insurance policy or its proceeds will be separate property or community property in proportion to the percentage of the total premiums which have been paid with separate or community funds. *Wilson v. Wilson,* 35 Wn.2d 364, 212 P.2d 1022 (1949); *Small v. Bartyzel,* 27 Wn.2d 176, 177 P.2d 391 (1947). Therefore, the insurance policy continued to be the separate property of Lawrence Wadsworth, with the potential right of Sharon, as surviving spouse, to that portion of the proceeds attributable to the premiums paid with community funds after her marriage to Lawrence Wadsworth.

The next issue which must be addressed is the proper distribution of the remaining policy proceeds. Joan contends that even if the dissolution decree divested her of her original right to take as beneficiary of the policy proceeds, she is nevertheless entitled to trial on the issue of whether Lawrence Wadsworth intended to make a gift to her of the proceeds.

Mr. McDermott's affidavit is evidence that Lawrence Wadsworth was aware of the existence of the life insurance policy. This fact supports an inference that his failure to change the beneficiary was not entirely inadvertent. The affidavits filed in support of Joan's motion for reconsideration are, for the most part, conclusory, but nevertheless provide some support for an inference that Lawrence Wadsworth intended Joan to continue to be the beneficiary of his life insurance. The affidavits raise questions of fact which must be determined by the trial court. We reverse and remand this case to the trial court for resolution of two factual issues: (1) Did Lawrence Wadsworth intend Joan to be the beneficiary of the policy, and (2) what portion of the

policy proceeds are attributable to premiums paid by funds of the marital community of Lawrence and Sharon Wadsworth?

Reversed and remanded.

DURHAM, C.J., and WILLIAMS, J., concur.

Review granted by Supreme Court March 23, 1984.