[No. 14204–6–I. Division One. June 9, 1986.]

PAULINE BYRNE, *Appellant,* v. WILLIAM ACKERLUND, *Respondent.*

*James L. Vonasch,* for appellant.

*Pamela D. O. Larson,* for respondent.

SCHOLFIELD, C.J.— Pauline Byrne (formerly Pauline Ackerlund) appeals from a summary judgment dismissing her action seeking enforcement of liens on property awarded to her former husband in a prior dissolution action. We reverse.

The decree of divorce entered for Pauline Byrne and William Ackerlund on June 16, 1972, reads in pertinent part:

> 3. The Property Settlement Agreement entered into by the parties is hereby approved, ratified and confirmed, and is made a part of this decree, as though fully set forth herein, and each party is hereby ordered to carry out each obligation of each respective party as set forth in said Property Settlement Agreement.
>
> . . .
>
> 5. As set forth in the said Property Settlement Agreement, the plaintiff [Byrne] is awarded . . . a judgment for $2,500 against the defendant [Ackerlund], upon which no interest shall accrue, but which shall be payable to the plaintiff upon disposition by the husband–defendant of the real property in Orr Park Addition, described below. And there is awarded to the defendant . . . all right, title and interest of the parties in the following described real

property . . . provided, however, that the plaintiff shall have and is hereby given a lien upon said property to secure the payment of $2,500.00 judgment, referred to above, and which shall be payable upon the voluntary or involuntary transfer or disposition of the said realty by the defendant.

The property settlement agreement, incorporated by the trial court into its decree, contains in addition a stipulation that Byrne is to receive "one–half of the excess of the net proceeds of the sale or other disposition of the said realty over $16,500, for which [she] shall be awarded a lien on the . . . property."

As of 1982, the property had not been sold, and Byrne brought two actions, a motion for relief from judgment, which was dismissed on August 25, 1982, and a complaint for an accounting and partition. Byrne then amended her complaint to include a request for a declaratory judgment that she is entitled to payment of her liens by involuntary sale of the property if necessary. Summary judgment was granted to Ackerlund, who maintains in this appeal that the decree is clear and unambiguous and provides that Byrne cannot enforce her liens until he chooses to sell the property or is dispossessed by a third party. We disagree.

■■ A marriage dissolution is statutory, and the section relevant to this action reads in pertinent part:

In a proceeding for dissolution . . ., the court *shall* . . . make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable . . .

(Italics ours.) RCW 26.09.080. This statute imposes a duty upon the trial court to dispose of all of the property of the parties brought to its attention in the trial of the action. *See Shaffer v. Shaffer*, 43 Wn.2d 629, 630, 262 P.2d 763 (1953).[1] The parties have the right, moreover, to have their respective interest in the property definitely and finally determined, without the prospect of future litigation. *Shaf-*

[1]The *Shaffer* court interpreted former RCW 26.08.110, which in turn, the court noted, followed a long line of Washington statutes to the same effect.

*fer v. Shaffer, supra; In re Marriage of Little,* 96 Wn.2d 183, 194, 634 P.2d 498 (1981).

In *Shaffer,* the trial court awarded the principal asset to the former husband and wife as tenants in common. On review, the court found that the effect of the decree was to leave the property in the same situation as if it were community property not disposed of by the decree. *See Olsen v. Roberts,* 42 Wn.2d 862, 864, 259 P.2d 418 (1953) (parties become tenants in common of property not disposed of by a divorce decree). Consequently, the trial court had failed to perform its statutory duty and, because of the inadequacies in the decree, future litigation, including a partition action, would be necessary. *Shaffer,* at 630–31.

The decree sub judice, while not strictly analogous to that at issue in *Shaffer,* had the same effect. Although the decree purported to divide the parties' interest in the Orr Park property, it left the parties in a situation where their interest in the property would be tied together indefinitely by not providing a definite time for the sale. Thus, like the court in *Shaffer,* the trial court failed in its duty to dispose of the property before it so as to "definitely and finally [determine]" the parties' respective interest therein. *Shaffer,* at 631. If, for example, Byrne should die before Ackerlund decided to sell the property, the probate of her estate would be impeded due to the lack of a deadline in the decree for the disposition of her interest in the real estate. This litigation is a direct result of that defect, and Byrne's right to a final determination of her interest, that is, the value of her liens, cannot be satisfied unless a definite time for performance of the sale is read into the trial court's decree.

 A dissolution decree that incorporates a property settlement agreement becomes the court's disposition of the property properly before it. *United Benefit Life Ins. Co. v. Price,* 46 Wn.2d 587, 283 P.2d 119 (1955). The construction of that agreement and of the decree incorporating it is a

question of law. *In re Marriage of Gimlett,* 95 Wn.2d 699, 629 P.2d 450 (1981). The interpretation of the reviewing court is based upon the intent of the parties as reflected in the language used in the incorporated agreement. *Aetna Life Ins. Co. v. Wadsworth,* 36 Wn. App. 365, 675 P.2d 604, *rev'd on other grounds,* 102 Wn.2d 652, 689 P.2d 46 (1984).

A property settlement agreement is no more than a contract between the parties for the disposition of their assets in lieu of a court determination of an equitable division. It is subject to the principles of contract construction, which remain applicable despite the fact that the agreement has been incorporated into the court's final decree. Generally, when a contract does not fix a time for performance, it will be presumed that a reasonable time was intended. *Foelkner v. Perkins,* 197 Wash. 462, 85 P.2d 1095 (1938); *see also* RCW 62A.2–309. What constitutes a reasonable time for the performance of a contract will depend upon the circumstances of each case. *Peplinski v. Campbell,* 37 Wn.2d 857, 226 P.2d 211 (1951); *see also* RCW 62A.1–204. In the case before the court, more than a reasonable time for the sale of the property has elapsed.

We are aware of the recent decision of *In re Marriage of Mudgett,* 41 Wn. App. 337, 704 P.2d 169 (1985), wherein the court construed language in a divorce decree substantially the same as that at issue here, but reached the opposite conclusion. We feel, however, that requiring the trial court in a dissolution action to finally and definitely dispose of all the property before it is more in keeping with the legislative intent with respect to property distributions in dissolution cases, and we decline to follow *Mudgett.*[2]

Accordingly the trial court's order of summary judgment is reversed and the court is directed to conduct a hearing to determine a deadline for the sale of the property, or in the

---

[2]We note that in *Mudgett,* the court did not directly address the duty of the court to make final and complete disposition of all property before it as required by RCW 26.09.080 and *Shaffer v. Shaffer,* 43 Wn.2d 629, 262 P.2d 763 (1953).

alternative, an accounting and satisfaction of Byrne's liens.

COLEMAN and GROSSE, JJ., concur.

Review granted by Supreme Court October 7, 1986.