# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| CURTIS GLAVIN NEHRING, | No.  52217-9-II |
| Respondent, | |
| v. | |
| DEBORAH KATHERINE NEHRING, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, A.C.J. — Deborah Nehring appeals the superior court's final orders dissolving her marriage to Curtis Nehring.[1]  The superior court entered the dissolution based on binding arbitration.  Deborah argues we should reverse the final orders because the arbitration was not properly recorded and the arbitration order is not supported by substantial evidence.  Because neither of these issues are statutory grounds for vacating an arbitration award, we affirm the superior court's orders in this case.

Curtis requests attorney fees for responding to a frivolous appeal.  We agree and grant Curtis's request for attorney fees.

### FACTS

Deborah and Curtis were married for 44 years.  Curtis filed a petition for dissolution of the parties' marriage.  The parties stipulated to binding arbitration.  The parties agreed the arbitration would decide the following issues: (1) the division of property and debts, (2) spousal maintenance,

---

[1] Because the parties have the same last name, their first names are used for clarity.  We intend no disrespect.

(3) attorney fees, professional fees and costs, and (4) any other unresolved issues within the pleadings.

Following arbitration, the arbitrator issued a ruling and made the following distribution of the property associated with the husband's income and business assets:

15. The Columbia River Bar Pilot Safety Net Program is analogous to an annuity which will pay Husband at such time as he retires as a bar pilot. It is fair and equitable that whatever amount Husband receives at the conclusion of his employment from the Safety Net be equally divided between the parties. This determination is also related to the fact that Husband will receive considerably more in Social Security than Wife and because the court declines to award indefinite support. Each party will be responsible to pay tax on their one-half share.

. . . .

19. Through his employment as a Columbia River bar pilot, Husband has various business interests including Saddle Mountain, Inc., Stop Water, LLC and Columbia River Bar Pilot's, LLC. During the pendency of the case, Husband received a payment of $4,387 for Kapok which is no longer operating.

. . . .

22. The Stop Water, LLC shall be awarded to Wife at the time Husband receives payment for that asset.

23. It is fair and equitable for Wife to be awarded the balance of the Columbia River Bar Pilot's, LLC, which relates to a pay out of accounts receivable at the time Husband departs his employment. The court finds that asset to be valued at $30,460 at present.

24. Husband's interest in Saddle Mountain, Inc. is, at present, found to be $410,000. That asset shall be awarded to Husband exclusively. In allocating these business interests, it is recognized that Wife may not be able to be awarded the asset in the traditional sense. Husband will need to, in essence, hold these in trust for Wife until he is eligible to receive them, at which time he will provide 100% of Stopwater and CRBP LLC payouts to Wife along with all necessary documentation.

Third Supplemental Clerk's Papers (CP) at 1319-21. The arbitrator also made the following determination regarding maintenance,

26. Husband's income is determined to be $480,000. Based upon the statutory facts as set forth in RCW 26.09.090, it is fair and equitable for Husband to pay spousal maintenance of $13,500 per month. In the event Husband reverts to half time employment, Husband's obligation shall be reduced by 50%. This

2

support award shall be secured by life insurance for so long as support is owing.

27. The court finds that Husband's support obligation shall be terminated at such time as he permanently leaves his employment at the Columbia River Bar Pilots.

Third Suppl. CP at 1322. As to the parties' outstanding tax debt, the arbitrator found,

8. The parties have substantial debt owing to the federal government for unpaid taxes. Both parties are expected to enter into payment agreements with the Internal Revenue Service through their respective professional representatives. The current amount of the IRS liability exceeds $370,000.

. . . .

20. Regarding the parties' IRS debt, the only allocation the court can make is that the parties remain equally responsible for the liability owing. The court further finds that in the event either party loses their home due to the federal tax liability or if the asset allocation as provided for herein is frustrated by the collection efforts of the IRS, it would be a basis to adjust the allocation of property and/or maintenance as set forth herein.

Third Suppl. CP at 1317, 1320-21. The arbitrator also included a detailed distribution of assets and liabilities. Based on the detailed property distribution, the husband was awarded 45.3 percent of the marital assets and the wife was awarded 54.7 percent of the marital assets.

The superior court entered final orders consistent with the arbitrator's decision. Debbie filed a motion for reconsideration with the superior court. The superior court denied Debbie's motion for reconsideration.

Debbie appeals.

ANALYSIS

Debbie argues that we should vacate the superior court's final orders and the arbitration decision underlying the award. Debbie asserts that we should vacate the arbitration award because the arbitration was not fully recorded, the arbitrator's decision was not supported by substantial evidence, and "any terms in the final orders that leave a spouse in an unjust situation *is* facial legal error." Reply Br. of Appellant at 1. We apply the limited standard of review statutorily applicable

to arbitrations and reject Debbie's assertion that any allegedly unjust property distribution is facial legal error. Accordingly, we affirm the arbitration award and the resulting final orders.

A.     LEGAL STANDARDS FOR REVIEWING ARBITRATION AWARD

In her opening brief, Debbie argues that we should vacate the final orders and the underlying arbitration award because the arbitration was not fully recorded and the arbitrator's award was not supported by substantial evidence. Debbie only cites to the standards of review we would apply to a superior court's dissolution orders following a trial. Debbie does not cite to the statutory standards for reviewing arbitration awards in the Uniform Arbitration Act, chapter 7.04A RCW, or the judicially recognized standards for reviewing arbitration awards.

In response, Curtis argues that our review of an arbitration award is extremely limited and Debbie fails to demonstrate any of the grounds that would support vacating an arbitration award. Specifically, Curtis asserts that our review is limited to facial legal error. Curtis also asserts that the parties cannot "stipulate around" the statutory limits of review in a stipulated order for arbitration. Br. of Resp't at 19. We agree with Curtis.

As an initial matter, the stipulated order for binding arbitration states, "Each party shall have the right to appeal the arbitrator's determination thusly entered on the same basis as if the judge had rendered the determination after an evidentiary trial." CP at 266. However, *Barnett v. Hicks* makes clear that "[l]itigants cannot stipulate to jurisdiction nor can they create their own boundaries of review [for arbitrations]." 119 Wn.2d 151, 161, 829 P.2d 1087 (1992). Therefore, despite the parties' stipulation, our scope of review is limited to the statutory grounds in the Uniform Arbitration Act, chapter 7.04A RCW.

Under the Uniform Arbitration Act, judicial review of an arbitration award is extremely limited because Washington courts accord "substantial finality" to an arbitrator's decision.

*Davidson v. Hensen*, 135 Wn.2d 112, 118-19, 954 P.2d 1327 (1998). A court may only vacate an arbitrator's award based on the statutory grounds listed in RCW 7.04A.230. *Westmark Props., Inc. v. McGuire*, 53 Wn. App. 400, 402, 766 P.2d 1146 (1989) (citing former RCW 7.04.160 (1943), *recodified as* RWC 7.04A.230).

> RCW 7.04A.230(1) provides that an arbitration award may be vacated if:
>
> (a) The award was procured by corruption, fraud, or other undue means;
> (b) There was:
> (i) Evident partiality by an arbitrator appointed as a neutral;
> (ii) Corruption by an arbitrator; or
> (iii) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
> (c) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to RCW 7.04A.150, so as to prejudice substantially the rights of a party to the arbitration proceeding;
> (d) An arbitrator exceeded the arbitrator's powers;
> (e) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under RCW 7.04A.150(3) not later than the commencement of the arbitration hearing; or
> (f) The arbitration was conducted without proper notice of the initiation of an arbitration as required in RCW 7.04A.090 so as to prejudice substantially the rights of a party to the arbitration proceeding.

These grounds must appear on the face of the arbitration award. *Westmark Props.*, 53 Wn. App. at 402.

We will also vacate an arbitration award if there is facial legal error.[2] *Broom v. Morgan Stanley DW Inc.*, 169 Wn.2d 231, 239, 236 P.3d 182 (2010). The facial legal error standard is a

---

[2] The facial legal error standard is contained in RCW 7.04A.230(1)(d) because an arbitrator exceeds his or her powers when the arbitration award contains an error of law. *Broom v. Morgan*, 169 Wn.2d 231, 240, 236 P.3d 182 (2010) (citing former RCW 7.04.160 (1943), *recodified as* RCW 7.04.230).

very narrow ground for vacating an arbitration award. *Broom*, 169 Wn.2d at 239. The court has explained,

> When judicial review is limited to the face of the award, the purposes of arbitration are furthered while obvious legal error is avoided. But courts may not search the arbitral proceedings for *any* legal error, courts do not look to the merits of the case, and they do not reexamine evidence. Despite arguments to the contrary, the facial legal error standard does not permit courts to conduct a trial de novo when reviewing an arbitration award.

*Broom*, 169 Wn.2d at 239. We apply this standard carefully and we only use it to vacate an arbitration award in rare circumstances. *Broom*, 169 Wn.2d at 239.

B.      ISSUES CHALLENGING THE ARBITRATION AWARD[3]

        1.   Recording of Arbitration Proceedings

        Debbie argues that certain portions of the arbitration were not recorded per the parties' agreement. This does not meet any of the defined statutory criteria in RCW 7.04A.230(1). And because the failure to record certain portions of the arbitration does not appear on the face of the award, it cannot be a facial legal error. Accordingly, the alleged failure to record certain, unidentified portions of the arbitration is not a statutory ground for vacating the arbitration award under RCW 7.04A.230(1).

---

[3] We note that Debbie does not identify, address, or apply the standard for reviewing and vacating an arbitration award in her opening brief. Generally, we will not consider issues or assignments of error that are not supported by argument or citation to authority. RAP 10.3(a)(6); *Bercier v. Kiga*, 127 Wn. App. 809, 824, 103 P.3d 232 (2004), *review denied*, 155 Wn.2d 1015 (2005). And "[p]assing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290, *review denied*, 136 Wn.2d 1015 (1998). However, here, we exercise our discretion and address whether the issues that Debbie raised satisfy any of the statutory grounds for vacating an arbitration award.

2. Substantial Evidence

Debbie argues that the arbitrator's findings of fact are not supported by substantial evidence. However, we do not review the evidence supporting an arbitration award. *Westmark Props.*, 53 Wn. App. at 402. None of the statutory criteria in RCW 7.04A.230(1)(a)-(f) involves evaluating the evidence underlying the arbitrator's decision. And under the facial legal standard, we are precluded from evaluating the merits of the case or reexamining the evidence, both of which would be required to evaluate Debbie's claim that the arbitrator's findings are not supported by substantial evidence. *Broom*, 169 Wn.2d at 239. Therefore, lack of substantial evidence cannot be a facial legal error.

Debbie also argues that *Broom* and related case law do not address arbitrations in dissolutions of marriages and, therefore, "it is not legal authority for review of dissolution arbitrations or, at the very least, is weak authority." Reply Br. of Appellant at 1. However, RCW 7.04A.030(2) provides that, after July 1, 2006, "this chapter governs agreements to arbitrate even if the arbitration agreement was entered into before January 1, 2006." Here, the parties entered into a stipulated order for binding arbitration on March 21, 2017, well after July 1, 2006. Therefore, under RCW 7.04A.030(2), the Uniform Arbitration Act applies to the parties arbitration agreement.

Because the Uniform Arbitration Act applies to this case, case law interpreting and applying the Uniform Arbitration Act also applies. And because lack of substantial evidence cannot be facial legal error, Debbie fails to satisfy any of the statutory grounds under RCW 7.04A.230(1) for vacating the arbitration award.

3. Property Distribution

Debbie argues that in a dissolution, any unjust property distribution is a facial legal error. However, Debbie does not explain how the terms of the dissolution order render the order facially erroneous. She only claims "[i]t is plain and obvious that these byzantine final orders are facial legal error." Reply Br. of Appellant at 1.

Although the order in this case contains some highly detailed provisions, the terms of those provisions are clearly set out. And the complexity of the order reflects the complexity of the assets that are being distributed in the order. Moreover, there is no legal basis for asserting that an order is unjust simply because it is complicated, let alone that an order meets the facial legal error standard of review simply because it is complicated. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none."). Accordingly, the argument that the order in this case is facially erroneous fails.

Debbie also implies that the orders are unjust because they require future litigation and do not provide her with finality and security. Debbie asserts that *Shaffer v. Shaffer*, 43 Wn.2d 629, 630-31, 262 P.2d 763 (1953), requires finality in dissolution decrees. However, *Shaffer* does not support Debbie's argument.

In *Shaffer v. Shaffer*, the trial court awarded the couple's primary property asset to the couple as joint owners or tenants in common. 43 Wn.2d at 629. The Supreme Court determined that the parties "have a right to have their respective interests in their property after they are divorced, definitely and finally determined in the decree which divorces them[,]" and the trial court failed to do this by essentially leaving the property as community property. 43 Wn.2d at 631. The

Supreme Court reversed the trial court because the trial court failed to perform its statutory responsibility to divide property in a dissolution. 43 Wn.2d at 630-1. *Shaffer* does not stand for the proposition that a trial court's dissolution is unjust or improper if it does not provide absolute finality for the parties. Rather, *Shaffer* simply requires that the trial court perform its statutory duty to actually determine the parties' interests in the property subject to distribution. 43 Wn.2d at 630-31.

Here, there is no facial legal error because the arbitrator, and the subsequent final orders entered by the superior court, actually determined the parties' interest in all of the distributed properties. Although the actual amount and time of distribution of that interest will not be determined until some point in the future, that is not the same as the trial court simply refusing to distribute property and leaving it as joint community property. Accordingly, Debbie's argument that the lack of finality in the order is facial legal error also fails.

Moreover, dissolutions, distribution of property, and maintenance are all determined by clear statutory criteria. RCW 26.09.080 requires a just and equitable division of property, it does not require finality. Nothing on the face of the superior court's order or the arbitration award demonstrates that the arbitrator failed to consider the statutory criteria required by RCW 26.09.080 or made an unjust award of property in violation of RCW 26.09.080.

Similarly, maintenance is determined by RCW 26.09.090 and requires an award of maintenance as the court, or in this case, arbitrator, deems just. It does not require maintenance for a set period of time or for a set amount. And nothing in RCW 26.09.090 prohibits the termination of maintenance when a spouse's employment terminates. Accordingly, the maintenance provision in the final orders is not unjust on its face and it is not a facial legal error.

Debbie has failed to demonstrate that there is any facial legal error in the arbitration award or the superior court's order adopting the arbitration award. Therefore, Debbie has failed to show a statutory basis under RCW 7.04A.230(1) for vacating the arbitration award. Accordingly, we affirm the arbitration award and the superior court's orders.

## ATTORNEY FEES ON APPEAL

Curtis argues that he should be awarded attorneys' fees on appeal as sanctions for responding to Debbie's frivolous appeal. RAP 18.9(a) authorizes this court to order a party who files a frivolous appeal to pay attorney fees to the opposing party. "'[A]n appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.'" *Granville Condo. Homeowners Ass'n v. Kuehner*, 177 Wn. App. 543, 557-58, 312 P.3d 702 (2013). We award Curtis attorney fees for responding to Debbie's frivolous appeal.

Here, Debbie did not address the appropriate statutory standard for vacating an arbitration award in her opening brief, she raised issues that cannot satisfy the standard for facial legal error, and her final argument—that a complicated order must be unjust and facial legal error—is devoid of any merit and has no reasonable chance of resulting in a reversal. Therefore, Debbie's appeal is frivolous.

Accordingly, we affirm the superior court's final orders in this case, and we award Curtis attorney fees on appeal.

No. 52217-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

, A.C.J.
Lee, A.C.J.

We concur:

Worswick, J.

Cruser, J.