[No. 9092–5–I. Division One. March 22, 1982.]

*In the Matter of the Marriage of* WINIFRED R. SORIANO, *Respondent, and* DOMINIC A. SORIANO, *Appellant.*

---

*Meagher & French* and *Joseph Meagher,* for appellant.

*Cooper & Lyderson* and *Leslie R. Cooper,* for respondent.

RINGOLD, J.—Dominic A. Soriano appeals the property distribution portion of a judgment dissolving his 28–year marriage to Winifred R. Soriano. We affirm most of the trial court's decision but remand for a division of the community household goods and furnishings.

The husband holds a master's degree and is a teacher with 22 years of experience and a gross salary at the time of trial (April 24, 1980) of about $25,000 per year. He will be 55 years old and eligible to retire on September 22, 1983. At that time he will be eligible to receive $955.08 per month from his retirement pension. The wife has never worked, has no special skills and, at present, has a limited earning

capacity.[1] She has income of $465 per month for life from two trusts held as her separate property.

The trial court made the following distribution of the assets of the parties. First, the trial court awarded each party his or her separate property. The court next divided the community assets of the parties by determining an adjusted value of the community's interest in each asset and giving a credit of one–half that value to the party not receiving the asset. The adjusted value of each asset was determined by subtracting any balance owing on the property and subtracting those separate property contributions that the court decided to treat as a credit to the contributing party. The wife had a net credit of $41,402 after all community assets were distributed, and the court awarded her a lien in that amount, at 8 percent interest, payable by the husband at $450 per month. The origin, adjusted value and division of the major assets of the marriage are as follows:

| To Husband | To Wife |
| --- | --- |
| SEPARATE PROPERTY | |
| Marysville real estate contract—not valued | Furniture—not valued |
| | Insurance trust— not valued |
| | Irrevocable trust—$72,229 |
| COMMUNITY PROPERTY | |
| Household furnishings not valued—to be auctioned | |
| Family Home—$83,975 | Motel sale contract—$32,200 |
| ¾ of a $101,000 state pension—present value $75,800 | Duplex—$57,000 |
| | ¼ of future pension payments—present value $25,200[2] |

---

[1]The trial court's finding to this effect is challenged on appeal, but there is substantial evidence to support it.

[2]The court directed that the wife should receive $236 per month from the husband's pension when he retires and ordered that this monthly payment should be increased by one–half percent per month for each month after the husband becomes eligible to retire until the date of actual retirement.

The husband received custody of the couple's child, and the court ordered the wife to pay $200 per month as child support.

## VALUATION OF THE FAMILY HOME AND DUPLEX

The husband contends that the trial court erred by rejecting both parties' evidence as to the value of the family home and the duplex and making a speculative finding when it adopted a value between the values submitted by the parties. He relies on *Palmer v. Abrahams*, 55 Wash. 352, 104 P. 648 (1909).

 In *Palmer v. Abrahams, supra,* the court assigned a value to the property that was not within the scope of any of the evidence in the case. Accordingly, the court's valuation was not supported by substantial evidence. Where, as here, the value placed upon the property was greater than that given by one witness and less than that presented by another witness, the court had substantial evidence to support its findings. *In re Marriage of Lukens,* 16 Wn. App. 481, 558 P.2d 279 (1976).

## ABUSE OF DISCRETION

The husband's next contention is that the trial court abused its discretion in the distribution of the assets because it left the husband with almost no income should he retire or be forced to retire. He also argues that the court did not take into account the extent of the wife's separate assets and ignored the wife's gifts to the community when it decided to treat them as separate property contributions and give her a credit for those funds.

RCW 26.09.080 provides:

> In a proceeding for dissolution of the marriage, . . . the court shall, without regard to marital misconduct, make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable after considering all relevant factors including, but not limited to:
> (1) The nature and extent of the community property;
> (2) The nature and extent of the separate property;
> (3) The duration of the marriage; and

(4) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home . . . to a spouse having custody of any children.

The husband's argument produces a sympathetic picture when one considers his situation as though he were about to retire. The husband, however, presented no evidence of his imminent retirement to the trial court and did not contend that he would be required to retire or be unable to work in 1983 when he would only be 55 years old. Accordingly, the trial court was entitled to consider his substantial gross income of $25,000 per year when disposing of the property of the parties.

The controlling statute commands the court to consider the economic circumstances of each spouse at the time of the division of the property. RCW 26.09.080(4). Because there was no evidence that the economic condition of the husband would change in the near future, the court was not required to dispose of the property as though the husband's income was limited to his monthly pension. Thus, a full review of the facts and circumstances presented to the trial court demonstrates that the court did not abuse its discretion in the division of the property. The court, after properly valuating the property, awarded each party his or her separate property and awarded credits for some of the separate property contributions to the community. The court then provided for a roughly equal division of the community property accumulated over 28 years of marriage. The wife received the income property, and the husband was relegated to the income from his job. The wife was required to pay child support and the husband was required to pay the wife a monthly sum to compensate her for the greater value of community property awarded to him. While the wife's total award is greater than that of the husband because of her separate property, we find no evidence that the court disregarded that factor or any other relevant factor in its decree. Upon a full review of the record, we find that the trial court did not abuse its discretion in disposing

of the separate and community property of the parties. *In re Marriage of Donovan*, 25 Wn. App. 691, 612 P.2d 387 (1980).

## THE AUCTION

■ The last issue concerns an order by the trial court providing for an auction of the community's household goods and furnishings. The court provided that the husband and wife be the only persons permitted to bid and that each item subject to auction be awarded to the person submitting the highest bid on that item. The court intended that no actual expenses occur. Instead, the court ordered that the total winning bids by each party be determined and that to the extent one exceeded the other, such difference would be added to or subtracted from the lien awarded to the wife. The husband correctly contends that this order violated the court's statutory duty to determine the parties' respective interests in the household furnishings and to decide the matter definitely and finally. RCW 26.09.080; *Shaffer v. Shaffer*, 43 Wn.2d 629, 262 P.2d 763 (1953).

Our State Supreme Court recently reaffirmed the long-standing rule that the trial court must dispose of all assets brought before it and that a party to a marriage dissolution has the right to have his or her interest in the property definitely and finally determined. *In re Marriage of Little*, 96 Wn.2d 183, 634 P.2d 498 (1981); *Shaffer v. Shaffer, supra; Moore v. Moore*, 9 Wn. App. 951, 515 P.2d 1309 (1973). In *Shaffer*, for example, the court erred when it awarded property to the husband and wife as tenants in common. Here, the bidding process established by the court constituted an order to the parties to settle the division of the furnishings themselves.[3] This error requires a remand so the court may finally dispose of the property of the par-

---

[3]We commend the trial court for its sincere and thoughtful effort to equitably divide the community household goods and furnishings. Unfortunately, the court's innovative solution is workable and permissible only if the parties agree to the procedure and are willing to settle that part of the case.

ties. The trial court has not determined the value of the community household goods and furnishings, and the court should determine the value in order to assure an equitable division of the assets.

The wife has asked for attorney's fees on appeal. In light of our disposition of this case, the issue of attorney's fees on appeal should be addressed to the sound discretion of the trial court.

Remanded for further proceedings consistent with the views expressed herein. Each party shall bear his or her own costs on appeal. RAP 14.2, 14.3.

ANDERSEN, C.J., and CALLOW, J., concur.