*The Court of Appeals*
of the
*State of Washington*
*Seattle*

DIVISION I
One Union Square
600 University Street
98101-4170
(206) 464-7750
TDD: (206) 587-5505

RICHARD D. JOHNSON,
*Court Administrator/Clerk*

January 26, 2015

Laurie Gail Robertson
Law Offices of Jason S. Newcombe
1218 3rd Ave Ste 500
Seattle, WA, 98101-3067
laurier@washingtonstateattorneys.com

Neil Brunson
Po Box 1673
Richland, WA, 99352

CASE #: 71496-1-I
In re the Marriage of: Jennifer Brunson, Respondent v. Neil Brunson, Appellant

Snohomish County, Cause No. 12-3-02880-1

Counsel:

Enclosed is a copy of the opinion filed in the above-referenced appeal which states in part:

"Affirmed."

Counsel may file a motion for reconsideration within 20 days of filing this opinion pursuant to RAP 12.4(b). If counsel does not wish to file a motion for reconsideration but does wish to seek review by the Supreme Court, RAP 13.4(a) provides that if no motion for reconsideration is made, a petition for review must be filed in this court within 30 days. The Supreme Court has determined that a filing fee of $200 is required.

In accordance with RAP 14.4(a), a claim for costs by the prevailing party must be supported by a cost bill filed and served within ten days after the filing of this opinion, or claim for costs will be deemed waived.

Should counsel desire the opinion to be published by the Reporter of Decisions, a motion to publish should be served and filed within 20 days of the date of filing the opinion, as provided by RAP 12.3 (e).

Sincerely,

Richard D. Johnson
Court Administrator/Clerk

jh

Enclosure
c:      The Honorable George Appel



IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| IN RE MARRIAGE OF, | No. 71496-1-I |
| JENNIFER L. BRUNSON, | DIVISION ONE |
| Respondent | |
| and | UNPUBLISHED OPINION |
| NEIL F. BRUNSON, | |
| Appellant. | FILED: January 26, 2015 |

SPEARMAN, C.J. — Neil Brunson appeals the trial court's orders dissolving his marriage to Jennifer Brunson, dividing their property, and providing for the care and support of their children. Because Neil fails to demonstrate any error or abuse of discretion, we affirm. We also grant Jennifer's request for attorney fees based on Neil's frivolous appeal.

## FACTS

Neil and Jennifer married in July 2005 and separated on September 30, 2012. They have two daughters, A.B., born in March 2007, and L.B., born in March 2010. During the marriage, Jennifer worked as a nurse. Neil worked briefly in accounting, then in construction, masonry, and his own contracting business. After losing a job, Neil began collecting unemployment benefits in February 2012.

On September 30, 2012, Neil called Jennifer at work and told her that L.B. tracked nail polish all over the bedroom carpet. After her shift, Jennifer listened to a voicemail message from Neil of nothing but the sound of L.B. "screaming and this loud smacking sound in the background." Verbatim Report of Proceedings (VRP) (7/10/13) at 68. When Jennifer returned home, she found L.B. naked in the bathtub with purple bruising from the middle of her back down on to her legs and bruising on her neck. Neil yelled at Jennifer and threatened to kill her. When Neil left the room, Jennifer took the children and left the house. Over the next days, Jennifer obtained a protection order. She filed a petition for dissolution on October 26, 2012.

At trial in July 2013, Jennifer testified that Neil began to physically abuse her six months after they married and provided several detailed examples occurring over the years of the marriage. After an incident in 2008, Snohomish County police arrested Neil for domestic violence assault, but Jennifer told the prosecutor she was not willing to testify. According to Jennifer, Neil enrolled in domestic violence treatment, but dropped out shortly after the "charges were dropped." VRP (7/9/13) at 76.

Jennifer also testified that Neil had kicked the children and had previously spanked L.B. "severely," leaving bruises. VRP (7/9/13) at 82-83. Jennifer testified that a jury found Neil guilty of domestic violence assault in the fourth degree based on the September 30, 2012 incident involving L.B., and presented his judgment and sentence as evidence. VRP (7/10/13) at 156-57.

Jennifer also presented the testimony of Janell Berger, an investigator for Child Protective Services (CPS), and Stanley Woody, a domestic violence treatment provider, as well as documentary evidence.

Neil represented himself at trial. In addition to various documentary evidence, he presented his own testimony, as well as that of his mother, Bridgid Brunson, and his friend, Tobias Slaton.

In December 2013, the trial court entered written orders resolving the issues presented at trial. The trial court found that Neil failed to meet his burden to demonstrate that a Ford truck acquired during the marriage was separate property and that the community owed a debt to his mother. The court also found that the parties failed to present sufficient evidence to allow a determination of the value of the marital home, and "therefore reasonably concludes that the home is worth the mortgage debt." Clerk's Papers (CP) at 18. The court found that Neil took "$62,000 in marital funds at the time of separation. Said funds came from the following sources; $38,000 from the joint Sound Credit Union Account, $5000 from the Chase account, $7000 from the bank of America account and $12,000 from cash located in the parties' safe in their home." CP at 18.

In the parenting plan, the trial court limited Neil's residential time with the children and assigned sole decision-making authority to Jennifer under RCW 26.09.191(1) and (2) based on the following findings regarding Neil's conduct:

> A history of domestic violence as defined in RCW 26.50.010(1) or an assault or sexual assault which causes grievous bodily harm or the fear of such harm.

The court found there is ample evidence of domestic
violence perpetrated by Respondent against Petitioner and
against one child. CP at 24.

In particular, the court ordered the children to reside with Jennifer at all times and

allowed Neil no visitation until he enrolls in a one-year domestic violence

treatment program. Once enrolled, Neil will be allowed up to 8 hours per week of

professionally supervised time with the children unless and until his treatment

provider determines that he "has made such progress in treatment that

supervision is no longer needed." CP at 27.

To calculate child support, the trial court found that Neil was voluntarily

unemployed and imputed income to him based on the Median Net Monthly

Income Table.

Neil appeals.

## ANALYSIS

The law does not distinguish between litigants who elect to proceed pro se

and those who seek assistance of counsel. In re Marriage of Olson, 69 Wn. App.

621, 626, 850 P.2d 527 (1993). Both must comply with applicable procedural

rules, and failure to do so may preclude review. Id. at 626; State v. Marintorres,

93 Wn. App. 442, 452, 969 P.2d 501 (1999). An appellant must provide

"argument in support of the issues presented for review, together with citations to

legal authority and references to relevant parts of the record." RAP 10.3(a)(6).

This court generally will not consider arguments that are unsupported by

pertinent authority, references to the record, or meaningful analysis. Cowiche

Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

4

Unchallenged findings of fact are verities on appeal. Zunino v. Rajewski, 140 Wn. App. 215, 220, 165 P.3d 57 (2007) (citing Davis v. Dep't of Labor & Indus., 94 Wn.2d 119, 123, 615 P.2d 1279 (1980)).

Although Neil lists 14 assignments of error and refers to the record, the majority of his arguments are based on mischaracterizations of the record, his own interpretation of various statutes, and his own assessment of the credibility of various witnesses. The deficiencies in Neil's briefing are substantial obstacles to our consideration of his appeal. Nevertheless, to the extent possible, we have addressed the essence of his claims.

Temporary Orders

Neil claims several errors with respect to temporary orders entered by commissioners prior to trial. A temporary order, however, neither resolves issues relevant to residential time nor ends the litigation and is therefore not appealable under RAP 2.2. In re Marriage of Greenlaw, 67 Wn. App. 755, 759, 840 P.2d 223 (1992), rev'd on other grounds, 123 Wn.2d 593, 869 P.2d 1024 (1994). Moreover, temporary orders terminate upon the entry of a final decree. RCW 26.09.060(10)(c). Accordingly, we do not address the temporary orders in this appeal.

Parenting Plan

Parenting plan decisions are within the trial court's broad discretion, and we will not reverse unless the decision is manifestly unreasonable or based on untenable grounds or reasons. In re Marriage of Kovacs, 121 Wn.2d 795, 801, 854 P.2d 629 (1993). A primary concern in establishing parenting plans is that

parenting arrangements should serve the best interests of the child. RCW 26.09.002. RCW 26.09.191(1) and (2) specifically authorize the trial court to place limits on parenting plan provisions where the court finds a history of domestic violence and an assault of a child. There is nothing in the statute, nor does Neil cite any other legal authority, which prevents the court from allowing only supervised visitation on condition of participation in domestic violence treatment in such a situation. Instead, RCW 26.09.191(2)(m)(i) expressly authorizes the court to impose "[s]upervised contact between the child and the parent or completion of relevant counseling or treatment."

Without citation to relevant authority, Neil claims that the trial court terminated his parental rights and violated his constitutional right to parent by preventing him from contacting his children. He is incorrect. The trial court divided "parental roles and responsibilities," but did not "[terminate] the rights of either parent" as "both parents remain parents and retain substantial rights, including the right to seek future modification of the parenting plan." In re Marriage of King, 162 Wn.2d 378, 386, 174 P.3d 659 (2007).

Neil also claims that the trial court failed to consider or properly evaluate the best interests of the children by (1) failing to order screenings or comprehensive assessments under RCW 26.09.191(4); (2) failing to appoint a guardian ad litem (GAL); and (3) relying on the temporary parenting plan in violation of RCW 26.09.191(5). As to pretrial screenings, assessments, or appointment of a GAL, Neil fails to identify any authority requiring a trial court to employ such measures under the circumstances of this case. Neil did not

dispute the existence of his recent criminal conviction for assaulting L.B. Nothing in the record suggests that the trial court improperly drew presumptions from the provisions of the temporary parenting plan. To the contrary, our review of the record reveals that the trial court carefully considered the testimony and other evidence presented at trial to determine that restrictions on Neil's contact with the children until he began treatment were in their best interests.

Next, without citation to relevant authority or cogent explanation, Neil appears to challenge the admissibility of the testimony of Berger and Woody on various grounds. Although Neil objected at trial to Jennifer's request to present Woody's testimony telephonically and to admit Woody's evaluation prior to trial under ER 904 without witness authentication, he did not object at trial to the admission of their testimony as experts or to the admission of their reports and records as exhibits. Accordingly, Neil has failed to preserve these issues for review. RAP 2.5(a).

Finally, without citation to relevant authority or cogent argument, Neil claims his Fifth Amendment right against self-incrimination was violated when (1) a prosecutor came into the courtroom during Jennifer's testimony, and (2) the trial court directed him to respond to Jennifer's question as to whether he had obtained a domestic violence evaluation since leaving treatment in February 2009. Even if the claimed violation occurred, because Neil fails to identify any possible connection between either incident and the provisions of the parenting plan or any other order before us in this appeal, we do not review these claims.

Child Support Order

We review a child support order for abuse of discretion. In re Marriage of Bell, 101 Wn.2d 366, 371-72, 4 P.3d 849 (2000). "This court will not substitute its own judgment for that of the trial court where the record shows that the trial court considered all relevant factors and the award is not unreasonable under the circumstances." In re Marriage of Fiorito, 112 Wn. App. 657, 664, 50 P.3d 298 (2002). A court will impute income to a parent for purposes of child support when the parent is voluntarily unemployed or underemployed. RCW 26.19.071(6). "The court shall determine whether the parent is voluntarily underemployed or voluntarily unemployed based upon that parent's work history, education, health, and age, or any other relevant factors." Id.

Neil claims the trial court erred in (1) finding him voluntarily unemployed; (2) failing to impute income based on minimum wage under RCW 26.19.071(6)(d); and (3) not ordering a deviation from the standard child support calculation based on supervision expenses. Neil fails to identify any evidence in the record from which the trial court could have found that he was not voluntarily unemployed. He admitted that he was unemployed and testified repeatedly that he intended to return to school. He did not present any medical evidence to suggest that he was physically unable to do any of the various kinds of work he had performed during the marriage. As to the amount imputed, Neil did not present any evidence of a history of minimum wage jobs or any other qualification for RCW 26.19.071(6)(d), and Jennifer testified that he made significantly more than the statutory average while he was working. Neil did not

request a deviation from the standard calculation. Neil fails to demonstrate any abuse of discretion in the child support order.

Dissolution Property Division

In a dissolution action, all property, community and separate, is before the court for distribution. In re Marriage of Stachofsky, 90 Wn. App. 135, 142, 951 P.2d 346 (1998).

We review an order distributing property for an abuse of discretion and will only reverse a trial court's decision if there is a manifest abuse of discretion. In re Marriage of Kraft, 119 Wn.2d 438, 450, 832 P.2d 871 (1992). The relevant factors in determining a just and equitable distribution of property are provided by statute. They include (1) the nature and extent of community property; (2) the nature and extent of separate property; (3) the duration of the marriage; and (4) the economic circumstances of each spouse at the time the division of the property is to become effective. RCW 26.09.080. The trial court is in the best position to determine what is "'fair, just and equitable'" under the circumstances. In re Marriage of Brewer, 137 Wn.2d 756, 769, 976 P.2d 102 (1999) (internal quotation marks omitted), quoting In re Marriage of Hadley, 88 Wn.2d 649, 656, 565 P.2d 790 (1977). We will reverse a distribution based on a mischaracterization of property only when the trial court's reasoning indicates that the property division was significantly influenced by the characterization, and it is unclear whether the trial court would have made the same division had the property been correctly characterized. In re Marriage of Olivares, 69 Wn. App.

324, 330, 848 P.2d 1281 (1993), disapproved on other grounds by In re Estate of Borghi, 167 Wn.2d 480, 219 P.3d 932 (2009).

Neil first contends that the trial court abused its discretion by arbitrarily determining that the value of the house was equal to the mortgage debt. We will not substitute our judgment for the trial court on a factual dispute over the valuation of property. Worthington v. Worthington, 73 Wn.2d 759, 762, 440 P.2d 478 (1968). A trial court does not abuse its discretion by assigning values to property within the scope of the evidence. In re Marriage of Soriano, 31 Wn. App. 432, 435, 643 P.2d 450 (1982).

Jennifer testified that the parties owed $309,000 on the mortgage at the time of trial and that the tax assessor's valuation of the property at the time of separation was $228,200. Neil testified that he believed the house would be appraised for $320,000 to $340,000. Because the trial court's valuation was within the limited evidence presented by the parties at trial, Neil fails to demonstrate abuse of discretion.[1]

Neil next claims the trial court's finding that he took $12,000 in cash from the safe lacked substantial support in the record because only Jennifer testified as to the existence of the money. We defer to the fact finder on witness credibility and the persuasiveness of the evidence. In re Marriage of Akon, 160 Wn. App. 48, 57, 248 P.3d 94 (2011). It was within the trial court's discretion to rely on Jennifer's testimony.

---

[1] After trial, Neil sought reconsideration based in part on a recent appraisal of $358,000 Jennifer obtained for refinancing purposes. But Neil fails to identify or demonstrate any abuse of discretion in the trial court's order denying reconsideration based on its determination that in the circumstances here, "it cannot be said that substantial justice was not done." CP at 3-4.

10

Neil also contends the trial court failed to properly characterize as his separate property or his mother's property: (1) the $7,000 Bank of American account; (2) the Ford truck; (3) his $7,000 workers compensation award; and 4) certain assets of the "home based business." Brief of Appellant at 41-42. But because it was undisputed that each of these assets were acquired during the marriage, Neil had the burden of rebutting the presumption of community property by clear, cogent, and convincing evidence. In re Marriage of Zahm, 91 Wn. App. 78, 85-86, 955 P.2d 412 (1998). The trial court found that Neil failed to meet this burden. Neil's references to his own testimony, which the trial court found to be less credible than Jennifer's testimony, do not establish error.

Moreover, Neil fails to argue or establish that the trial court's division of the property was significantly influenced by the characterization of the identified property. Instead, the record reveals that the trial court's division of the property was particularly driven by Neil's taking $62,000 of marital property at the time of separation. In its oral ruling, the trial court described the "roughly" $62,000, less a mortgage payment, as Neil's "preallocation," and added his $12,109 retirement for a total of $74,109, less the mortgage payment. VRP (7/31/13) at 664. The trial court calculated Jennifer's allocation as $73,336, and described their shares as "roughly equal." VRP (7/31/13) at 664. Neil fails to demonstrate grounds for reversal or any abuse of discretion.

We also reject Neil's claim that the order requiring him to pay a private moving company to obtain his personal property was punitive and a violation of his constitutional rights. Given the history of domestic violence in this case and

11

the existing protection orders, Neil fails to demonstrate abuse of discretion in the trial court's attempt to prevent additional conflict between the parties.

Appearance of Fairness

For the first time on appeal, Neil claims that the trial judge should have recused himself because he worked for the domestic violence unit of the Snohomish County Prosecutor's Office when Neil was arrested in 2008.

After hearing Jennifer's initial trial testimony about the 2008 arrest, the trial judge interrupted to "make a record of my own," identified his prior position, indicated he had no recollection of the case, and invited both parties to testify about whether they recognized him. VRP (7/9/13) at 78. The trial court specifically asked whether either party had "any further questions of me, or motions, or anything for the record?" VRP (7/9/13) at 79. Neil did not object, saying, "I believe there's no conflict of interest, as far as I'm concerned." VRP (7/9/13) at 80.

Because Neil did not object or make a motion for recusal at trial, he failed to preserve this issue for appeal and we will not address it. RAP 2.5(a); Henriksen v. Lyons, 33 Wn. App. 123, 128, 652 P.2d 18 (1982).

Attorney Fees

Neil challenges $3,000 in attorney fees awarded by a commissioner in a temporary order filed in February 2013, as well as an additional award of $285. Neil did not designate the orders awarding attorney fees in his notice of appeal. Moreover, Neil fails to properly support his arguments with references to the record and citation to authority. Instead, he baldly asserts that the awards are

improper because the court did not find intransigence and did not consider the financial resources of the parties under RCW 26.09.140. Given Neil's inadequate briefing and his failure to sufficiently identify or provide the portions of the record necessary to review this issue, we will not consider it.

Jennifer requests an award of attorney fees as a sanction for Neil's frivolous appeal. RAP 18.9(a) authorizes the appellate court, on its own initiative or on motion of a party, to order a party or counsel who files a frivolous appeal to pay sanctions, including an award of attorney fees and costs to the opposing party. Yurtis v. Phipps, 143 Wn. App. 680, 696, 181 P.3d 849 (2008) (citing Rhinehart v. Seattle Times, Inc., 59 Wn. App. 332, 342, 798 P.2d 1155 (1990)). "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal. And we resolve all doubts to whether an appeal is frivolous in favor of the appellant." Lutz Tile, Inc. v. Krech, 136 Wn. App. 899, 906, 151 P.3d 219 (2007) (internal citations omitted). Because many of Neil's claims depend on his own mischaracterization of the record or misapplication of various statutes and the resolution of other claims turn on the trial court's clear and explicit determinations of credibility and weight of the evidence or lack of evidence, matters which are not subject to review, we are convinced that the appeal presents no debatable issues upon which reasonable minds might differ and is devoid of merit. We award reasonable appellate attorney fees to Jennifer under RAP 18.9 upon her compliance with RAP 18.1.

13

Affirmed.

Spelman, C.J.

WE CONCUR:

Grau, J.

Becker, J.

14