# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of<br><br>BONNIE F. AUBUCHON,<br><br>　　　　　　　　Respondent,<br><br>and<br><br>VAN D. AUBUCHON,<br><br>　　　　　　　　Appellant. | No. 71167-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: July 27, 2015 |

TRICKEY, J. — In a dissolution, a trial court has broad discretion to equitably distribute property. A trial court considers all the circumstances of the marriage, as well as the future needs of the parties. Here, the wife's primary sources of income were intricately tied in with the home. Accordingly, the trial court did not err in awarding the family home to the wife, subject to a lien in favor of the husband payable in five years. Nor did the trial court abuse its discretion in determining the value of the home and in splitting the equity 55/45. We affirm the trial court's disposition of property.

## FACTS

Bonnie and Van AuBuchon were married for 42 years and have three adult children. At the time of the dissolution trial, the only community property of value was their residence. Neither party had any real or personal separate property.

The trial court rejected the husband's market analysis and valued the home at $225,000, consistent with the wife's market analysis. The court found the equity in the home to be $38,452.11 and awarded a 55/45 split in the wife's favor, payable by either the sale or refinancing of the home within five years from the date of entry of the decree

of dissolution. The court awarded the residence to the wife, requiring her to make all the mortgage payments in a timely manner.

Van AuBuchon appeals, contending the trial court erred in valuing the asset, in dividing the property, and in permitting the wife to remain in possession of the property for five years.

ANALYSIS

A court has broad discretion in valuing property in a dissolution action, and its valuation will not be reversed on appeal absent a manifest abuse of discretion. In re Marriage of Rockwell, 141 Wn. App. 234, 242-43, 170 P.3d 572 (2007). A manifest abuse of discretion occurs when the discretion was exercised on untenable grounds. In re Marriage of Muhammad, 153 Wn.2d 795, 803, 108 P.3d 779 (2005). A trial court does not abuse its discretion by assigning values to property within the scope of evidence. In re Marriage of Soriano, 31 Wn. App. 432, 436, 643 P.2d 450 (1982). Factual findings supported by substantial evidence will not be disturbed on appeal. Thorndike v. Hesperian Orchards, Inc., 54 Wn.2d 570, 575, 343 P.2d 183 (1959).

Here, both parties submitted comparative market analyses (CMA). The trial court found the wife's market analysis performed by Northwest Market to be more reliable than the one submitted by AuBuchon. The wife's CMA was performed after an in home inspection. Comparable sales in the neighborhood ranged from $216,549 to $319,000. The husband's CMA, however, was a drive-by appraisal comparing higher end properties, that included view homes and homes that had extensive remodeling. The court found those properties were not comparable. Additionally, the husband's CMA did not include the interior condition of the home, including the fact that the trim was all down, carpeting

2

had not been replaced in 30 years, and there was a significant rat infestation which would cost approximately $3,500 to correct.

Relying on section 4.16 of the Washington Community Property Deskbook, AuBuchon argues that the property needed to be valued at the date of the trial and that the trial court erred in relying on the wife's CMA because it was performed four and one-half months earlier. But a trial court has broad discretion to choose a valuation date that is equitable even if that valuation was done more than four months before trial. Koher v. Morgan, 93 Wn. App. 398, 404, 968 P.2d 920 (1998) (citing Lucker v. Lucker, 71 Wn.2d 165, 167-68, 426 P.2d 981 (1967)). So even though AuBuchon's CMA was performed within a month of the trial, the evidence is more than sufficient to support the court's valuation of the property in accordance with the wife's CMA.

AuBuchon next argues that the comparable sales in the wife's CMA were from distressed properties. However, the CMA used five properties as comparable, only one of which was a bank owned property to be sold as is. That property was listed at $210,000 and sold for $216,549. The other four properties listed as comparable were not distressed properties and in many instances contained updates and modifications, none of which were present in the home at issue here. Furthermore, AuBuchon did not dispute that evidence at the time of trial and no challenges to the wife's CMA's pricing were made, other than wanting the trial court to adopt his CMA.

AuBuchon also sought to introduce into evidence a certified appraisal that his wife had obtained for her attorney. He did not seek to discover or request the appraisal until the wife was testifying at the dissolution proceeding. The court upheld counsel's objection to its admission as part of the attorney work product. ER 502 (f)(2) defines "work-product

3

protection" as applying to "tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial." The appraisal clearly falls within that parameter. AuBuchon could have at any time obtained his own certified appraisal, but failed to do so.

The trial court did not abuse its discretion in finding the value of the home to be $225,000.

AuBuchon next contends that the trial court erred in not splitting the equity 50/50 and in awarding the home to the wife for five years before he can reach his equity. The wife is 64 years old and has Graves' disease. She had endometrial cancer and suffers from depression and anxiety. At trial she testified that she had an art studio in her home which she uses to generate income. Additionally, she rented rooms in the house to her son and some exchange students enabling her to cobble together the mortgage payment. Under these circumstances, the court did not abuse its discretion in awarding a 55/45 split of the equity. The record demonstrates that the trial court considered AuBuchon's request for a 50/50 split, disagreed with his analysis, and entered a ruling within the range of evidence represented at trial. Contrary to AuBuchon's bare assertions, the trial court is not required to demonstrate mathematical precision in order to make an equitable property division. In re Marriage of Crossetto, 82 Wn. App. 545, 556, 918 P.21d 954 (1996). AuBuchon has not demonstrated any abuse of discretion in the trial court's division of the property.

AuBuchon contends that the court erred in permitting the wife to remain on the property and in not requiring the house to be sold immediately. He objects to the fact that it is his name that is on the mortgage and his credit will be damaged if he is not paid immediately. The court determined that the family home could not be appropriately

divided. RCW 26.09.080 states that a trial court must dispose of the marital property in whatever manner "shall appear just and equitable after considering all relevant factors." The trial court considered all of the factors of the parties, recognizing that the wife was unable to obtain a mortgage at the present time to pay AuBuchon his equitable share immediately. To protect AuBuchon's interest, however, the court required the wife to make timely payments on the mortgage and provided that failure to do so would result in the immediate sale of the home. This was clearly within the equitable powers of the court.

Finally, AuBuchon contends that the trial court granted him a continuance but then failed to permit him to present the additional testimony. The matter was set for presentation of the final orders. AuBuchon's request for a continuance of presentation listed differences that he had with his wife's submission and a request to "formally ask the Court for the opportunity to [be] heard on evidence of fact in testimony which is not consistent with claims made by the Petitioner as to, but not limited to, improvements made to the residence over the years."[1]

At what was to be the scheduled hearing, the court granted the continuance, but clearly informed AuBuchon that the sole reason for the hearing was to reduce to writing what the judge had already decided orally. AuBuchon had an opportunity at trial to contest the wife's testimony and evidence, but failed to do so. He cannot now present new evidence. The trial court did not abuse its discretion.

---

[1] Clerk's Papers at 32.

Because there was substantial evidence to support the trial court's findings of fact and conclusions of law, we affirm the trial court's disposition of property.

Trickey, J

WE CONCUR:

Leach, J.

Schindler, J