# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>DAVID WILLIAM COON,<br><br>                    Appellant,<br><br>    and<br><br>SPIRIT DENEE COOPER,<br><br>                    Respondent. | No. 58582-1-II<br><br><br>UNPUBLISHED OPINION |

VELJACIC, A.C.J. — Spirit Cooper and David Coon purchased a home together. They were later married but soon after separated. At the time of separation, Cooper signed a quitclaim deed, releasing her interest in the marital home in exchange for $5,000. At the parties' dissolution trial, the trial court found this was inequitable and ordered Coon to pay Cooper $68,770 for her equal share of the home's value. The court also entered a memorandum opinion explaining its reasoning for a 50/50 shared residential schedule for the couple's young child. Coon appeals arguing that the trial court erred in awarding Cooper additional equity in the home, in relying on a real estate broker's testimony, and in finding an equal residential schedule was in the best interest of the couple's child. We affirm the court's property distribution but find that the residential schedule issue is premature because a final order has not been entered.

FACTS

The parties met in 2017 and moved in together that same year. They had a child in 2018.

In 2020, the parties bought a house together. Coon's parents gifted the couple $20,000 for a down payment. Both parties' names were on the title and mortgage.

The parties married in July 2022. But they separated in September 2022. During this same month, the parties refinanced the home, removing Cooper's name from the title and mortgage. Cooper signed a quitclaim deed, releasing all her interests in the home to Coon. Coon gave Cooper $5,000, which she believed was her contribution to the house.

In November 2022, there was an altercation between Cooper and Coon's mother. Cooper was charged with assault, which was reduced to disorderly conduct following Cooper entering into a diversion agreement.

Coon filed a petition for dissolution in December 2022. The matter proceeded to trial in July 2023.

At trial, Coon's mother testified regarding the November 2022 incident. She testified that Cooper came into her home screaming and ultimately pushed her into a fire stove. Coon's mother suffered a burn on her arm, a fractured back, and a broken rib.

Coon's mother testified that she provided her son the $5,000 to give to Cooper. She further testified that Cooper agreed to sign a quitclaim deed for the money because she needed the money to secure an apartment.

Michael Echternkamp, a real estate broker, testified that he evaluated the house based on local property values and the exterior of the house. He averaged the properties to come to an estimated value of the parties' house at $380,000. Echternkamp further testified that he used a house valued at $650,000 in his average of the house's value. This home was included in exhibit

101, which consisted of comparable homes Echternkamp used to estimate the home's value. There was no objection to Echternkamp's testimony or admission of the exhibit.

Coon testified that he valued the house at $315,000.

At the end of trial, the parties requested that the trial court not enter a final parenting plan so they could work out the details of the residential schedule. The court agreed, but filed a memorandum opinion explaining its reasoning for a 50/50 residential schedule.

The trial court noted that Cooper completed her diversion agreement requirements and the parties had a history of a successful 50/50 schedule before the November incident. The court also noted that after the incident, Cooper's visits with the child were limited to three days per week for three hours and were supervised, but now her visits are unsupervised and she has overnight visits. By the time of trial, the court found that both parents had a strong and stable relationship with their child. The court noted that both parties agreed that RCW 26.09.191, regarding restrictions for domestic violence, did not apply but Coon wanted to limit Cooper's time with the child until she completed all her diversion agreement requirements. Taking these circumstances into account, the court noted that equal residential time was in the child's best interests.

Regarding its property distribution, the trial court entered a final order, including findings of fact and conclusions of law. Relevant to this appeal, the court found:

> 11. When the house was purchased, both parties' names were included on the title and mortgage. In September 2022, the house was re-financed. At that time, in exchange for $5000.00, [Cooper] executed a quit claim deed assigning her share in the house over to [Coon]. As a result, [Cooper's] name was removed [from] the title and mortgage.
> 12. The home is [Coon's] separate property.
> 13. A real estate agent testified that based upon sales of other homes in the area (not necessarily comparable homes), the current value of the home is $380,000.00. [Coon] places the value at $315,000.00. Averaging the two, results in an amount of $347,500.00. The outstanding balance on the mortgage is $187,500.00.

14. Subtracting $187,500.00 from $347,500.00 equals $160,000.00. Dividing $160,000.00 by two equals $80,000.00. The court will reduce [Cooper's] one half by $5000.00, plus $6230.00 (half of the house payment of $1246.00, or 623.00 X the 10 months from October 2022—when [Coon] assumed the entire mortgage payment—to July 2023. Subtracting $11,230.00 from $80,000.00 equals $68,770.00.

Clerk's Papers (CP) at 13-14. The court ordered Coon to pay Cooper $68,700.

On August 28, 2023, Coon filed a notice of appeal of the trial court's final order regarding the property division. Coon included the court's memorandum opinion regarding an equal residential schedule but Coon did not include a final parenting plan. Coon did not file an amended notice of appeal to include any final parenting plan that could have been entered later.

ANALYSIS

I.    PROPERTY DISTRIBUTION

Coon first argues that the trial court erred in awarding Cooper additional equity in the home other than the $5,000 Coon paid her for the quitclaim deed. We disagree.

In Washington, when two or more people buy real property together, they are assumed to be tenants-in-common unless specified otherwise. RCW 64.28.020(1). "[A]ll property acquired during marriage is presumptively community property, regardless of how title is held." *Dean v. Lehman*, 143 Wn.2d 12, 19, 18 P.3d 523 (2001). In a marriage dissolution, a trial court must divide the parties' property in a "just and equitable" manner. RCW 26.09.080.

All property, both separate and community, is before the court for a just and equitable distribution. *In re Marriage of Brewer*, 137 Wn.2d 756, 766, 976 P.2d 102 (1999). In a challenge to the trial court's property division, we will only substitute our judgment for the trial court's if there has been a manifest abuse of discretion. *In re Marriage of Groves*, 10 Wn. App. 2d 249, 254, 447 P.3d 643 (2019). The trial court abuses its discretion if "its decision is manifestly

unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Underwood*, 181 Wn. App. 608, 610, 326 P.3d 793 (2014).

The trial court must determine the value of the parties' property, which is a question of fact. *In re Marriage of Porter*, 3 Wn.3d 579, 588, 555 P.3d 379 (2024). We review factual findings for substantial evidence. *Id.* Substantial evidence exists if the record contains sufficient evidence to convince a fair-minded, rational person of the finding. *In re Marriage of Wilson*, 165 Wn. App. 333, 340, 267 P.3d 485 (2011). For factual findings, we do not reweigh the trial court's witness credibility determinations. *In re Marriage of Akon*, 160 Wn. App. 48, 57, 248 P.3d 94 (2011). However, "'[w]here the relevant facts are undisputed and the parties dispute only the legal effect of those facts, the standard of review is . . . de novo.'" *Porter*, 3 Wn.3d at 588 (alteration in original) (quoting *Meadow Valley Owners Ass'n v. St. Paul Fire & Marine Ins. Co.*, 137 Wn. App. 810, 816, 156 P.3d 240 (2007)).

Here, the trial court found that in exchange for $5,000, Cooper executed a quitclaim deed assigning her share in the house to Coon. The court also found that the house was now Coon's separate property. Based on both Echternkamp's and Coon's testimonies, the court valued the home at $347,500, with an outstanding mortgage of $187,500. The court found that Cooper's equity share was $68,770.

In *In re Marriage of Soriano*, 31 Wn. App. 432, 435, 643 P.2d 450 (1982), Division One of this court held that, "Where . . . the value placed upon the property was greater than that given by one witness and less than that presented by another witness, the court had substantial evidence to support its findings." Similarly, here, the testimony at trial from Echternkamp that the property was worth $380,000 and testimony from Coon that the property was worth $315,000 provided substantial evidence to support the trial court's finding that the property was worth $347,500.

Moreover, even though Cooper signed a quitclaim deed and the property became Coon's separate property, both separate and community property are before the court for a just and equitable distribution. *Brewer*, 137 Wn.2d at 766. Therefore, we hold that the trial court did not abuse its discretion by awarding Cooper her equity share of $68,770.

## II. ECHTERNKAMP'S TESTIMONY

Coon next argues that the trial court erred in relying on Echternkamp's testimony in determining the value of the parties' home. He argues that Echternkamp does not qualify as an expert and wrongly relied on local homes that were not equivalent to the home in question. This issue is raised for the first time on appeal.

We may refuse to review any claim of error which was not raised in the trial court. RAP 2.5(a). In general, objections to evidence cannot be raised for the first time on appeal. *In the Matter of Det. of J.M.*, 20 Wn. App. 2d 734, 744, n.5, 501 P.3d 187 (2022). Coon did not object to Echternkamp's testimony below nor did he object to the admission of Echternkamp's comparable report that supported his testimony that the house was valued at $347,500. Consequently, Coon did not preserve this issue for review and we decline to address it further.

## III. PARENTING PLAN

Coon argues that the trial court erred in not applying the RCW 26.09.191 factors when entering the parenting plan. We hold that this issue is premature.

A party may appeal a final judgment. RAP 2.2(a)(1). "A memorandum opinion is not a final disposition of a matter before the trial court, nor is it an order, and until a formal order has been entered the court may change its mind." *Felsman v. Kessler*, 2 Wn. App. 493, 498, 468 P.2d 691 (1970). "Until final judgment is entered, the trial judge is not bound by a prior expressed

intention to rule in a certain manner." *DGHI Enters. v. Pac. Cities, Inc.*, 137 Wn.2d 933, 944, 977 P.2d 1231 (1999).

Based on our record, a final parenting plan has not been entered. While the trial court entered a memorandum opinion in 2023 addressing a 50/50 residential schedule, a memorandum opinion is not a final disposition of a matter. *Felsman*, 2 Wn. App. at 498. Therefore, this issue is premature. The parties have 30 days after the final parenting plan is entered to file a notice of appeal. RAP 5.2(a)

IV. ATTORNEY FEES

Cooper requests attorney fees on appeal. An appellate court may award attorney fees "[i]f applicable law grants . . . a party the right to recover reasonable attorney fees or expenses on review." RAP 18.1(a).

RCW 26.09.140 provides that on appeal, "the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs." "An award of attorney fees under RCW 26.09.140 is based on consideration of 'the parties' relative ability to pay' and 'the arguable merit of the issues raised on appeal.'" *In re Marriage of Tupper*, 15 Wn. App. 2d 796, 815, 478 P.3d 1132 (2020) (internal quotation marks omitted) (quoting *In re Marriage of Muhammad*, 153 Wn.2d 795, 807, 108 P.3d 779 (2005)).

RAP 18.1(c) requires the filing of an affidavit of financial need in any action where applicable law mandates consideration of the financial resources of one or more parties regarding an award of attorney fees. Each party must serve upon the other, and file, a financial affidavit "no later than 10 days prior to the date the case is set for oral argument or consideration on the merits." RAP 18.1(c). Neither party has filed the necessary affidavit. Therefore, we deny Coon's request.

## CONCLUSION

We affirm the trial court's property distribution, but find that the residential schedule issue is premature because a final order has not been entered.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Glasgow, J.

Che, J.