[No. 44068-7-II.   Division Two.   June 3, 2014.]

*In the Matter of the Marriage of* KARA UNDERWOOD, *Respondent*, and ROBERT UNDERWOOD, *Appellant*.

*Emily J. Tsai* (of *Tsai Law Company PLLC*), for appellant.

*Rebecca K. Reeder* (of *Faubion Reeder Fraley & Cook PS*), for respondent.

¶1  MAXA, J. — Robert Underwood appeals multiple trial court orders entered in proceedings related to the dissolution of his marriage to Kara Underwood. We hold that the trial court erred in allowing the parties' two teenage children to determine the amount of their residential time with Robert[1] without supporting that decision with appropriate findings. In the unpublished portion of this opinion we address the remainder of Robert's arguments. We affirm in part, reverse in part, and remand for further proceedings. We also award Kara her attorney fees on appeal.

## FACTS

¶2  Kara and Robert Underwood married in Montana in 1991. They have two children. In 2010, Kara petitioned for

---

[1] The parties' first names are used for clarity. By using first names, we mean no disrespect.

dissolution of her marriage to Robert. At the time, their older child was 14 and their younger child was 12. After a bench trial, the trial court entered a final parenting plan that allowed the children to decide whether Robert would have residential time with them. The trial court stated:

> [T]he [children] are mature and intelligent. Due to this, along with the age of the children, the residential time between [them] and their father in the future shall be based on the desires of the [children]. At present they have no desire to have contact with their father. The court will honor their wishes. They will be allowed to have contact with their father and residential time if they later cho[o]se to.

Clerk's Papers (CP) at 35. Robert appeals this ruling, as well as several other trial court orders addressed in the unpublished portion of this opinion.

### ANALYSIS

¶3 We review a trial court's parenting plan for abuse of discretion. *In re Marriage of Katare*, 175 Wn.2d 23, 35, 283 P.3d 546 (2012), *cert. denied*, 133 S. Ct. 889 (2013). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *Katare*, 175 Wn.2d at 35.

¶4 Robert argues that the trial court abused its discretion when it allowed the children to decide whether he would receive any residential time with them because this ruling effectively eliminated his residential time with them. We hold that although under certain circumstances and in its discretion the trial court may allow a child to determine the amount of residential time with the noncustodial parent, it may do so only based on appropriate findings. Because the trial court did not make adequate findings supporting its decision here, we must remand for reconsideration of this issue.

¶5 The trial court did not expressly order the elimination of Robert's residential time with the children. However, it

acknowledged that the children did not desire to have contact with their father at that time. As a result, the trial court knew that its parenting plan likely would result in the elimination of Robert's residential time for the foreseeable future. The question here is whether the trial court had the discretion to allow the children to determine the amount of their residential time with Robert, knowing that this decision effectively would eliminate Robert's residential time with them.

¶6 Although the trial court did not explain the basis for its ruling on residential time, it apparently viewed its order as a limitation on residential time justified by its findings under RCW 26.09.191(2) and (3). RCW 26.09.191(2)(a) requires *limitation* of residential time if the parent has engaged in certain conduct. The trial court determined that Robert had engaged in two types of conduct referenced in the statute: a history of acts of domestic violence as defined in RCW 26.50.010(1) and emotional abuse of a child. But RCW 26.09.191(2)(a) does not give the trial court authority to *eliminate* residential time. That authority is granted by other subsections of RCW 26.09.191.

¶7 RCW 26.09.191(2)(m)(i), for example, provides:

> If the court expressly finds based on the evidence that limitations on the residential time with the child will not adequately protect the child from the harm or abuse that could result if the child has contact with the parent requesting residential time, the court shall restrain the parent requesting residential time from all contact with the child.

There is no question here that express findings regarding protecting the children from harm or abuse would have been required if the trial court had explicitly eliminated Robert's residential time under RCW 26.09.191(2)(m)(i), and that the trial court made no such findings.

¶8 A different subsection, RCW 26.09.191(3), authorizes a trial court to completely preclude a parent's residential time if certain factors exist. The trial court found three

of these factors present in this case: (1) a long-term emotional or physical impairment that interferes with the performance of parenting functions as defined in RCW 26.09.004, (2) the absence or substantial impairment of emotional ties between the parent and child, and (3) the abusive use of conflict by the parent that has damaged the children's psychological development. Based on these findings, the trial court had discretionary authority under RCW 26.09.191(3) to enter an order that effectively eliminated Robert's residential time with the children.

¶9 However, the trial court's exercise of discretion to essentially eliminate a parent's residential time must be exercised in the context of other important considerations. First, the legislature has expressed a policy favoring maintaining relationships between parents and children when setting a residential schedule in a dissolution action. RCW 26.09.002 provides that "[t]he state recognizes the fundamental importance of the parent-child relationship to the welfare of the child, and that the relationship between the child and each parent should be fostered unless inconsistent with the child's best interests." Further, RCW 26.09-.187(3)(a) provides that the trial court should make residential provisions for children that "encourage each parent to maintain a loving, stable, and nurturing relationship with the child." The trial court must consider these policy directives before effectively eliminating residential time based solely on RCW 26.09.191(3) factors.

¶10 Second, parents have a fundamental liberty interest in the "care, custody and management of their children." *In re Dependency of J.H.*, 117 Wn.2d 460, 473, 815 P.2d 1380 (1991). A trial court also must consider this liberty interest before effectively eliminating a parent's residential time with his or her children based solely on the RCW 26.09-.191(3) factors.

¶11 Because of these compelling interests in protecting a parent's residential time with his or her children, we hold that (1) an order allowing a child to decide whether to have

any residential time with the noncustodial parent based solely on the RCW 26.09.191(3) factors should be reserved for situations where the trial court articulates specific reasons for such an order and (2) before allowing a child to decide whether to have any residential time with the noncustodial parent based solely on the RCW 26.09.191(3) factors, the trial court must enter detailed findings supporting and providing the basis for its decision.

¶12 Here, the trial court's only finding was that the children were "mature and intelligent." The trial court also made a nonspecific reference to the ages of the children, 15 and 12. But the trial court did not explain why these children's maturity, intelligence, and ages supported its decision. The trial court also did not explain why the RCW 26.09.191(3) factors supported effectively eliminating Robert's residential time. Finally, despite their age difference, the trial court did not make specific findings regarding each child individually. The trial court's minimal statements on this issue were insufficient to support its decision to allow the children to decide whether to have any residential time with Robert.

¶13 We recognize that one of the children is now over the age of 18 and is no longer subject to the parenting plan, and that the second child is now 16. In addition, over 18 months have passed since the trial court entered its parenting plan and circumstances may have changed. Accordingly, we remand this matter to the trial court for reconsideration of this residential time issue and a determination of whether it is still appropriate to allow the remaining minor child to decide whether to have any residential time with Robert. If the trial court again allows the child to decide whether to have residential time with Robert, it must enter appropriate findings supporting and providing a basis for that determination.

¶14 We consider Robert's remaining arguments in the unpublished portion of this opinion. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

¶15  A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J., and HUNT, J., concur.

Reconsideration denied July 9, 2014.

Review denied at 181 Wn.2d 1029 (2014).