# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Parenting and Support of | No.  48194-4-II |
| L.H. and C.H., | |
| Minor Children. | |
| MARESA HARDEN, | |
| Petitioner, | |
| v. | |
| JASON HESTER, | UNPUBLISHED OPINION |
| Respondent. | |

JOHANSON, J. — Maresa Harden appeals from the trial court's final parenting plan. We hold that the trial court abused its discretion when it declined, on an improper basis, to enter a finding that Jason Hester had a history of domestic violence under RCW 26.09.191. Accordingly, we reverse and remand for entry of a finding of a history of domestic violence and a parenting plan that complies with RCW 26.09.191.

FACTS[1]

Harden and Hester are the parents of two children. After Harden and Hester separated, the children lived with Harden as their primary caregiver and Hester remained involved in their lives.

In September 2014, Harden filed a petition for residential schedule and parenting plan. Harden proposed that the trial court limit Hester's residential time and grant her sole decision-making authority due to Hester's domestic violence history.

In January 2015, the trial court appointed a guardian ad litem (GAL) who conducted an investigation, created a report, and provided recommendations.

At the July 21 trial, the parties presented testimony about Hester's domestic violence history along with the GAL's report. The GAL report included evidence of (1) a 2004 fourth degree assault conviction when Hester hit Harden "in the head with an open hand and choked her with both hands," (2) a 2006 police report when Hester came to Harden's house and would not leave until police were called, (3) a 2010 police report when Harden and Hester were involved in a verbal dispute, (4) a 2012 police report when Harden and Hester were involved in a "verbal dispute due to [Hester] being intoxicated and his 'disrespectful behavior,'" and (5) a 2014 order of protection that Harden sought due to Hester's domestic violence history, coming to her house, and calling her in the middle of the night. Sealed Clerk's Papers at 7.

The GAL recommended that (1) RCW 26.09.191's limiting factors be applied to Hester, (2) Harden remain the custodial parent, (3) Hester receive residential time, and (4) Hester's

---

[1] After trial, Harden filed a declaration that we do not consider. We consider only the trial transcript and admitted trial exhibits on which the trial court made its ruling.

residential time expand after filing proof that he completed a domestic violence assessment, its recommendations, and any other recommended services.

Harden testified to being a victim of domestic violence and stalking by Hester, as described in the GAL's report. Specifically, Harden stated that Hester "used the children as another form of intimidation, and there was stalking as well with the telephone calls and showing up at different times." Report of Proceedings (RP) (July 21, 2015) at 37. Hester testified that he was convicted of fourth degree assault in 2004 when he "cursed at [Harden]," "grabbed her by the shirt," "[y]elled at her, spit on her car, [and] walked away." RP (July 21, 2015) at 105-06.

The trial court ordered that (1) Harden remain the custodial parent, (2) Hester's residential time could be increased after completion of a domestic violence assessment and its recommendations, (3) there be joint decision-making, (4) alternative dispute resolution be used, and (5) RCW 26.09.191's limiting factors not be applied to Hester. Although the trial court noted that "there has been prior domestic violence [and that] there have been some other issues here" and ordered Hester to complete a domestic violence assessment, it declined to enter a finding that Hester had a history of domestic violence. RP (July 21, 2015) at 167. The trial court stated that "[it would] almost hate to put [such findings] in there because [it would] hate to have this record follow him around like some ghost" and that "[t]hey'll haunt him, and [it didn't] think that's necessary." RP (July 21, 2015) at 167-68. Instead, the trial court told the parties to

> [g]et past the [domestic violence], get past the material. I understand why it's suggested. I'm just concerned that once it gets in writing, as you can see with your prior record, you don't get to erase it.

RP (July 21, 2015) at 168. The trial court's orders were memorialized in a final parenting plan. Harden appeals.

ANALYSIS

Harden argues that the trial court erred when it orally found that Hester had a history of domestic violence but declined to include such a written finding in the parenting plan. We agree.

We generally review a trial court's rulings on a parenting plan for an abuse of discretion. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46, 940 P.2d 1362 (1997). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *Katare v. Katare*, 175 Wn.2d 23, 35, 283 P.3d 546 (2012). A trial court's decision is manifestly unreasonable if it is outside the range of acceptable choices considering the facts and applicable legal standard, it is based on untenable grounds if the factual findings are not supported by the record, and it is based on untenable reasons if it applies an incorrect standard or the facts do not meet the requirements of the correct standard. *Littlefield*, 133 Wn.2d at 47.

Restrictions on a parent's decision-making and residential time are mandatory if the trial court finds that the parent has "a history of acts of domestic violence as defined in RCW 26.50.010(1) or an assault or sexual assault which causes grievous bodily harm or the fear of such harm." RCW 26.09.191(1)(c); *see Caven v. Caven*, 136 Wn.2d 800, 808, 966 P.2d 1247 (1998); *see also Mansour v. Mansour*, 126 Wn. App. 1, 10, 106 P.3d 768 (2004). Domestic violence includes conduct such as "[p]hysical harm, bodily injury, assault, or the infliction of fear" of such harm or "stalking as defined in RCW 9A.46.110." Former RCW 26.50.010(1) (2008).

The trial court has discretion to determine whether the evidence presented meets the requirements of RCW 26.09.191. *Caven*, 136 Wn.2d at 806. But here, the trial court abused its discretion by stating that its rationale for not entering a finding of domestic violence was to protect Hester from collateral consequences. At the conclusion of trial, the trial court noted that "there

has been prior domestic violence [and that] there have been some other issues here," but it declined to enter a finding that Hester had a history of domestic violence because it would "hate to have this record follow him around like some ghost" and that such findings would "haunt him, and [it didn't] think that's necessary." RP (July 21, 2015) at 167-68. Such reasoning was untenable as the trial court applied an incorrect standard and thus abused its discretion. *Littlefield*, 133 Wn.2d at 47.

We hold that the trial court abused its discretion when it declined to enter a finding that Hester had a domestic violence history because it wanted to protect him from collateral consequences. Thus, we reverse and remand for entry of a finding of a history of domestic violence and a parenting plan that complies with RCW 26.09.191.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

BJORGEN, C.J.

MELNICK, J.