# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of: | No. 48783-7-II |
| ROBERT BRADLEY REICHERT, | |
| Appellant, | |
| and | UNPUBLISHED OPINION |
| JENNIFER D. REICHERT-RANDAZZO | |
| Respondent. | |

MAXA, A.C.J. – This case involves the trial court's modification of a parenting plan for JR, the child of Robert Reichert and Jennifer Randazzo-Reichert. Robert[1] appeals the trial court's order modifying the parenting plan to make Jennifer the primary residential parent, imposing restrictions on Robert's residential time and decision making under RCW 26.09.191(3), and declining to impose restrictions on Jennifer's residential time and decision making under RCW 26.09.191(1) and (2).

We hold that (1) the trial court did not abuse its discretion in denying the motion for a continuance after the court-appointed guardian ad litem (GAL) did not file a preliminary report until 19 days before trial, (2) the trial court did not abuse its discretion in denying Robert's motion to exclude the GAL's final report even though it was filed the day before trial, (3) substantial evidence supported the trial court's restrictions on Robert's residential time and decision making under RCW 26.09.191(3) based on findings of parental alienation and abusive

---

[1] To avoid confusion we refer to the parties by their first names. No disrespect is intended.

use of conflict, and (4) we decline to address the trial court's refusal to impose restrictions on Jennifer's residential time and decision making under RCW 26.09.191(1) and (2) because Robert did not raise the issue in the trial court.

Accordingly, we affirm the trial court's order modifying the parenting plan.

FACTS

*Motion for Modification of 2014 Parenting Plan*

Robert and Jennifer's marriage was dissolved in January 2014. JR was four years old at that time. The trial court entered a parenting plan giving Robert and Jennifer equal decision-making authority and equal residential time with JR. The parenting plan did not place any restrictions on Jennifer under RCW 26.09.191.

In March 2015, Jennifer filed a petition for modification of the parenting plan. Jennifer stated that the modification was necessary because Robert was attempting to alienate JR from her. In support of her motion, Jennifer included a declaration from JR's counselor, who stated that he was concerned that Robert was making statements critical of Jennifer to JR.

In his response, Robert denied any attempts to alienate JR from Jennifer, and raised concerns about Jennifer and her older sons physically abusing JR. Robert submitted a proposed parenting plan that imposed parenting time and decision making restrictions on Jennifer for physical abuse of a child, neglect, long-term emotional or physical impairment, and abusive use of conflict. Robert's proposed parenting plan did not request restrictions under RCW 26.09.191(1) and (2) on the basis that Jennifer had a history of domestic violence.

*Appointment of Guardian Ad Litem*

In May 2015, the trial court appointed Desiree Hosannah as GAL for JR. Hosannah interviewed Jennifer and her two older sons, as well as Andrew Gray, a visitation supervisor, and

an official from JR's school. She eventually interviewed Robert and Robert's parents shortly before trial. She also reviewed numerous documents and witness questionnaires.

*Motion for Continuance*

The trial on Jennifer's modification petition was scheduled for December 8. On November 5, Robert filed a motion for a short trial continuance because the GAL had not yet filed her report. Robert argued that he would not be able to properly respond to the report before trial.

The trial court held a hearing on the motion to continue on November 20. At the hearing, the court noted that Hosannah had submitted a preliminary GAL report the day before. Jennifer claimed that Robert had not been cooperating with the GAL. Hosannah stated that Robert had been focusing on the prior GAL report and had offered 10 witness statements that did not contain relevant information.

The court denied the motion to continue. The court stated that Robert was not entitled to a continuance because his conduct had contributed to the delay in submitting the GAL report.

*Final GAL Report*

Hosannah filed her final GAL report on December 7, 2015, the day before the start of trial. In the final GAL report, Hosannah summarized her investigation and its conclusions and made recommendations to the trial court.

Hosannah reported that according to Jennifer, Robert had made repeated Child Protective Services (CPS) claims against her. Robert also would interrogate JR using leading questions and would take videos of JR's alleged injuries. Hosannah emphasized that Robert's pattern of behavior, attempting to document Jennifer's alleged abuse of JR and making referrals to CPS, was an abusive use of conflict.

Hosannah stated that her investigation of Robert's allegations revealed no evidence that Jennifer had physically abused JR or that Jennifer's home environment was detrimental to JR. She stated that all 10 of the referrals made to CPS had been screened out or failed to find evidence of abuse. Hosannah shared a previous GAL's concerns that Robert was engaging in the abusive use of conflict against Jennifer. She stated that Robert's repeated CPS referrals were detrimental to JR because they deprived him of a normal childhood, normal sibling relationships, and a normal relationship with Jennifer.

Hosannah recommended that the trial court make Jennifer the primary residential parent and impose residential time and decision making restrictions on Robert. Regarding Robert's abusive use of conflict and parental alienation, Hosannah stated her belief that JR would be harmed and his best interests would not be served if Robert's behavior was not curtailed or stopped.

At the beginning of trial the next day, Robert objected to the GAL report as untimely and unfairly prejudicial. He argued that he did not have time to properly respond to the report. However, Robert did not request a continuance of the trial. The trial court denied Robert's motion to exclude the report. The court noted that Robert had not filed a new motion for a continuance and stated that Robert could request additional time to review the report or prepare witnesses if he needed it. Robert did not request additional time.

*Modification Trial*

Much of the testimony at trial focused on whether Jennifer had abused JR and Robert's documentation of JR's alleged injuries. Jennifer admitted to spanking JR, but denied ever using corporal punishment hard enough to cause bruising. Two other witnesses – a former employer and a friend from church – corroborated Jennifer's denial of any domestic abuse.

4

Hosannah testified that she investigated Robert's allegations of abuse, including the multiple reports he made to CPS, and none of the incidents were substantiated. She stated that Robert's referrals included unfounded concerns about Jennifer's older sons being violent and having emotional issues.

Robert testified that he sent an email to Hosannah informing her that Jennifer had served a year of probation for domestic violence. Hosannah acknowledged that Jennifer had engaged in domestic violence in the past, but she stated that there was no evidence of domestic violence since the entry of the 2014 parenting plan.

*Modified Parenting Plan*

The trial court entered an order modifying the parties' residential schedule as set forth in a new parenting plan incorporated in the order. The court's order included findings of fact that (1) modification was necessary, (2) there was no evidence that Jennifer or any member of her household had abused JR, (3) there was "strong evidence of [Robert's] fixation or obsession with abuse of the child which has or may become detrimental to the child's psychological well-being," and "[e]very single professional who has been involved in this matter has not found abuse." Clerk's Papers (CP) at 124.

In the new parenting plan, the trial court imposed restrictions on Robert's residential time and decision making under RCW 26.09.191(3), and gave decision-making authority to Jennifer. The court found that Robert had engaged in "parental alienation" and "abusive use of conflict" that had "create[d] the danger of serious harm to the child's psychological development." CP at 141. The parenting plan did not impose restrictions on Jennifer under RCW 26.09.191(1) or (2).

Robert appeals the order modifying the 2014 parenting plan.

ANALYSIS

A.    MOTION TO CONTINUE TRIAL

Robert argues that the trial court erred by denying his motion to continue the trial when the GAL did not submit a preliminary report until 19 days before the scheduled trial date. We disagree.

We review a trial court's decision on a motion for continuance for a manifest abuse of discretion. *In re Custody of C.D.*, 188 Wn. App. 817, 828, 356 P.3d 211 (2015). "A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds." *Id.* A trial court's decision on a motion for continuance will be affirmed unless no reasonable judge would have reached the same conclusion. *In re Parental Rights to E.D.*, 195 Wn. App. 673, 685, 381 P.3d 1230 (2016), *review denied*, 187 Wn.2d 1018 (2017).

Robert argues that the trial court erred in relying on the GAL's statements that he had not cooperated because those statements were inaccurate and later were impeached during trial. But the trial court was in the best position to determine the GAL's credibility, and the court made the determination that Robert's conduct had contributed to the GAL's delay in filing her report. We hold that the trial court did not abuse its discretion in relying on the GAL's statements.

Accordingly, we hold that the trial court did not abuse its discretion by denying Robert's motion for a continuance of the trial.

B.    ADMISSION OF GAL REPORT

Robert argues that the trial court violated his right to due process by denying his motion to exclude the final GAL report as evidence when it was filed the day before trial. We disagree.

We review a trial court's evidentiary rulings for an abuse of discretion. *Hollins v. Zbaraschuk*, 200 Wn. App. 578, 582, 402 P.3d 907 (2017). Robert claims that the trial court's

ruling violated his due process rights, but he does not advocate for a higher standard of review. Therefore, we review the trial court's decision to deny Robert's motion to exclude the GAL report for an abuse of discretion. *See C.D.*, 188 Wn. App. at 829 (noting that termination cases implicate due process protections but applying a lower standard of review where parental rights were not at issue). An abuse of discretion exists when the trial court's decision is manifestly unreasonable or based on untenable grounds. *Id.* at 826.

Here, the GAL violated RCW 26.09.220(3) by filing her final report less than 10 days before trial. And the trial court did not order a shorter time for good cause shown as RCW 26.09.220(3) allows. However, several factors support the conclusion that the trial court did not abuse its discretion in admitting the GAL report into evidence.

First, the GAL did file a preliminary report 19 days before trial, before the statutory deadline. Therefore, Robert had the opportunity to prepare to address the contents of the report at trial.

Second, the GAL emphasized that there was a lengthy delay because Robert would not respond to her phone calls or numerous attempts to contact him and Robert would not engage in the investigation. At the hearing on Robert's motion to continue the trial, the trial court found that Robert had contributed to the delay in filing the preliminary GAL report. The GAL's final report supported this conclusion.

Third, there was no indication that Jennifer contributed to the delay in getting the GAL report finalized. She interviewed with the GAL on August 1, 2015, over four months before trial. Excluding the GAL report would have punished Jennifer for something she did not cause. And Jennifer also had a due process interest in presenting evidence.

Fourth, RCW 26.09.220(3) does not require that a GAL report be excluded from evidence if it is filed less than 10 days before trial; the statute provides no remedy. And automatically excluding a late-filed GAL report would be inconsistent with RCW 26.09.002, which states that the best interests of the child is the standard for determining parental responsibilities. It clearly would not have been in JR's best interests to exclude the report of a GAL appointed to investigate the case simply because it was filed late.

Filing the GAL report the day before the start of trial may have caused some difficulty for Robert in preparing for trial. An appropriate remedy may have been to continue the trial date. But as the trial court noted, Robert did not move for a continuance at the start of trial. And the court stated that if Robert needed additional time to review the report or prepare witnesses, he could request it.

We hold that under the circumstances of this case, the trial court did not abuse its discretion in denying Robert's motion to exclude the GAL report from evidence.[2]

C.       PARENTING PLAN PROVISIONS

Robert argues that the trial court erred both in ordering restrictions on his residential time and decision making under RCW 26.09.191(3) and in failing to order restrictions on Jennifer's residential time and decision making under RCW 26.09.191(1) and (2). He argues that substantial evidence did not support the trial court's findings because the court should not have relied upon the GAL's biased and poorly investigated report. We disagree.

---

[2] Robert also argues in the alternative that the trial court should have continued the trial on its own motion because of the GAL's untimely filing of her report even though he did not request a continuance. But because Robert provides no meaningful argument or analysis regarding this issue, we do not address it. RAP 10.3(a)(6); *In re Marriage of Newell*, 117 Wn. App. 711, 717 n.17, 72 P.3d 1130 (2003).

1. Legal Principles

A trial court has broad discretion in developing a parenting plan. *In re Marriage of Katare*, 175 Wn.2d 23, 35, 283 P.3d 546 (2012). This discretion is guided by (1) RCW 26.09.184, which states the objectives of a parenting plan and identifies the required provisions; (2) RCW 26.09.187(3)(a), which lists seven factors that the court must consider when adopting residential provisions; and (3) RCW 26.09.002, which declares that the best interests of the child is the standard for determining parental responsibilities. *See Katare*, 175 Wn.2d at 35-36. In addition, the trial court's discretion is guided by RCW 26.09.191, which provides certain factors that *require* limitations on a parent's decision making and residential time (subsections (1) and (2)) and *permit* limitations on any parenting plan provisions (subsection (3)). *See Katare*, 175 Wn.2d at 36.

RCW 26.09.260 provides the procedures and criteria for modifying a parenting plan. Subject to certain exceptions not applicable here, a court cannot modify a prior parenting plan unless it finds on the basis of facts that have arisen since the prior plan or that were unknown to the court at the time of the prior plan that "a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child." RCW 26.09.260(1). A court must retain the existing residential schedule unless, among other factors, "[t]he child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child." RCW 26.09.260(2)(c).

We review a trial court's parenting plan for an abuse of discretion. *In re Marriage of Black*, 188 Wn.2d 114, 127, 392 P.3d 1041 (2017). We also review the decision to modify a

9

parenting plan for abuse of discretion. *In re Marriage of Zigler*, 154 Wn. App. 803, 808, 226 P.3d 202 (2010). A trial court abuses its discretion where its decision is manifestly unreasonable or based upon untenable grounds or reasons. *Black*, 188 Wn.2d at 127. The trial court's findings of fact are verities on appeal as long as they are supported by substantial evidence. *Id.* Substantial evidence is that which is " 'sufficient to persuade a fair-minded person of the truth of the matter asserted.' " *Id.* (quoting *Katare*, 175 Wn.2d at 35). We do not review the trial court's credibility determinations or weigh evidence even if we may disagree with the trial court. *Black*, 188 Wn.2d at 127.

We are extremely reluctant to disturb child placement decisions "[b]ecause the trial court hears evidence firsthand and has the unique opportunity to observe the witnesses." *In re Parenting & Support of C.T.*, 193 Wn. App. 427, 442, 378 P.3d 183 (2016).

2. Imposition of RCW 26.09.191(3) Restrictions on Robert

Under RCW 26.09.191(3), the trial court "may preclude or limit any provisions of the parenting plan" if at least one of seven listed factors exist. The existence of one of the factors permits but does not require the trial court to impose limitations. *See Katare*, 175 Wn.2d at 36. The rationale for imposing limitations on a parenting plan is that "[a] parent's involvement or conduct may have an adverse effect on the child's best interests." RCW 26.09.191(3).

One factor that permits a trial court to impose limitations is "[t]he abusive use of conflict by the parent which creates the danger of serious damage to the child's psychological development." RCW 26.09.191(3)(e). The seventh factor is a catchall: "Such other factors or conduct as the court expressly finds adverse to the best interests of the child." RCW 26.09.191(3)(g).

10

Here, the trial court made a finding under RCW 26.09.191(3)(e) that Robert had engaged in abusive use of conflict. The court also made a finding, apparently under RCW 26.09.191(3)(g), that Robert had "engaged in parental alienation which has created a danger of serious damage to the child's psychological development." CP at 141.

Robert essentially concedes that the GAL's report provided substantial evidence to support the trial courts findings. However, he argues that the trial court abused its discretion in relying on the GAL's report and testimony because the GAL (1) was biased against him, (2) failed to independently investigate the case, (3) did not to adhere to a GAL's responsibilities and obligations, and (4) made many inconsistent statements that were impeached at trial. He also argues that he did not engage in abusive use of conflict or create alienation between Jennifer and JR because he acted reasonably in attempting to protect JR from suspected abuse.

Robert arguably raises some valid concerns about the GAL's investigation and objectivity. However, all of Robert's arguments relate to the weight and credibility of the GAL's evidence. The trial court was in the best position to assess the credibility, weight, and persuasiveness of the GAL's report and testimony. After hearing all the evidence, the trial court adopted the GAL's recommendations. We will not disturb the trial court's credibility determinations or evaluation of the evidence. *See Black*, 188 Wn.2d at 127.

Accordingly, we hold that substantial evidence supports the trial court's finding that Robert had engaged in abusive use of conflict and parental alienation.

3. Failure to Impose RCW 26.09.191(1)-(2) Restrictions on Jennifer

Robert argues that the trial court abused its discretion by failing to find that Jennifer had a history of domestic abuse and to impose parenting time and decision making restrictions under RCW 26.09.191(1) and (2). We decline to consider this argument.

11

Under RCW 26.09.191(2)(a), "[t]he parent's residential time with the child shall be limited" if the trial court finds that the parent has engaged in certain specified conduct. If the parent has engaged in such conduct, the limitation of that parent's residential time is mandatory. *In re Marriage of Underwood*, 181 Wn. App. 608, 611-12, 326 P.3d 793 (2014). The trial court has discretion to determine if the evidence establishes those statutory elements. *In re Parenting and Support of L.H.*, 198 Wn. App. 190, 194, 391 P.3d 490 (2016).

One type of conduct that requires a limitation on residential time is engaging in "a history of acts of domestic violence" as defined in RCW 26.50.010(3). RCW 26.09.191(2)(a)(iii). RCW 26.50.010(3)(a) defines "domestic violence" to include "[p]hysical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault, between family or household members." Similarly, RCW 26.09.191(1) states that a parenting plan "shall not require mutual decision-making" if a parent has engaged in a history of acts of domestic violence.

In the trial court, Robert did not argue for residential time and decision making restrictions based on some evidence that Jennifer had engaged in domestic violence before the dissolution. In his proposed parenting plan, Robert suggested restrictions based on physical abuse, neglect, and abusive use of conflict, but not based on a history of domestic violence. In closing argument, Robert did not mention domestic violence, and requested only that the court adopt his proposed parenting plan.

We generally decline to consider arguments raised for the first time on appeal. RAP 2.5(a); *Kave v. McIntosh Ridge Primary Rd. Ass'n*, 198 Wn. App. 812, 824, 394 P.3d 446 (2017). Here, Robert's failure to request restrictions based on a history of domestic violence prevented the trial court from addressing the issue. Accordingly, we decline to consider Robert's

argument that the trial court erred in failing to impose restrictions on Jennifer under RCW 26.09.191(1) and (2).

D.      ATTORNEY FEES ON APPEAL

Jennifer requests attorney fees related to this appeal under RCW 26.09.140.  However, Jennifer represented herself on appeal.  Nonlawyer parties who represent themselves cannot recover attorney fees.  *See In re Marriage of Brown*, 159 Wn. App. 931, 938, 247 P.3d 466 (2011).  Therefore, we deny this request.

Jennifer also requests an award of costs.  As the substantially prevailing party, she is entitled to recover costs under RAP 14.2.

CONCLUSION

We affirm the trial court's order modifying the parenting plan.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, A.C.J.

We concur:

JOHANSON, J.

MELNICK, J.