IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parenting and Support of: | ) ) ) | No. 37712-1-III |
| L.M.P.† | ) ) | |
| ———————————————— | ) ) | |
| MICHAEL VANCE PETERSON, | ) ) | UNPUBLISHED OPINION |
| Respondent, | ) ) | |
| and | ) ) | |
| KORI MARIE MARTIN, | ) ) | |
| Appellant. | ) | |

PENNELL, J. — Kori Marie Kirkpatrick, formerly known as Kori Marie Martin,

appeals a final parenting plan allowing limited visitation to the father of L.P., Ms.

Kirkpatrick's child. We affirm.

FACTS

Kori Marie Kirkpatrick and Michael Vance Peterson started dating in 2009.

In 2010, Ms. Kirkpatrick gave birth to their child, L.P. In 2012, Mr. Peterson and

———————————————————

† To protect the privacy interests of the minor child, we use their first and last name initials throughout the body of this opinion. Gen. Order 2012-1 of Division III, *In re Use of Initials or Pseudonyms for Child Victims or Child Witnesses* (Wash. Ct. App. June 18, 2012), https://www.courts.wa.gov/appellate_trial_courts/?fa=atc.genorders_ orddisp&ordnumber=2012_001&div=III.

Ms. Kirkpatrick ended their relationship, but Mr. Peterson still provided semi-regular childcare to L.P. at Ms. Kirkpatrick's home until 2013.

In February 2013, Mr. Peterson petitioned for a residential schedule for L.P. Ms. Kirkpatrick contested the terms of Mr. Peterson's proposed parenting plan. The parties went back and forth for about two years, until the court entered a temporary restraining order, providing "until such time as a temporary parenting plan is entered, Ms. [Kirkpatrick] shall have placement of [L.P.] and Mr. Peterson is restrained from interfering with such." Clerk's Papers at 32. Another two years passed, until February 2017, when Mr. Peterson again proposed a parenting plan for L.P.

In early April 2017, the court entered a temporary parenting plan. The temporary plan found Mr. Peterson intentionally abandoned L.P. for an extended period of time, substantially refused to perform his parenting duties, and had few or no emotional ties with L.P. The court ordered reunification therapy and appointed a guardian ad litem (GAL). Ms. Kirkpatrick was given sole decision-making authority over L.P.'s education and nonemergency health care.

Reunification therapy did not improve Mr. Peterson's relationship with L.P. Nevertheless, one of the reunification therapists opined Mr. Peterson was willing to take responsibility for repairing his relationship with L.P. In addition, the therapist noted

L.P. had articulated feelings of attachment and wonderment about Mr. Peterson. The GAL appeared less optimistic and took the position that reunification efforts should end based on L.P.'s lack of interest. From the time the temporary order was issued in 2017 until trial in 2020, Mr. Peterson had no more than three visits with L.P.

At the June 2020 trial, the court heard testimony from the GAL, the reunification therapist, Ms. Kirkpatrick, and Mr. Peterson. The court also heard testimony from Mr. Peterson's father, Vance Peterson, over Ms. Kirkpatrick's objection that the father had not been timely disclosed as a witness. The court noted it would "certainly give [Ms. Kirkpatrick's counsel] broad latitude with cross[-]examination given the late disclosure." Report of Proceedings (Jun. 17, 2020) at 9. Vance Peterson testified that he was willing to monitor visits between Mr. Peterson and L.P.

In July 2020, the trial court entered a final order and findings for a parenting plan. The court found that while Mr. Peterson had engaged in neglect or substantial nonperformance of his parenting duties, he had not abandoned L.P. The court determined it would be in L.P.'s interests to continue contact and reunification with Mr. Peterson in a phased and structured manner. Sole decision-making authority on education and nonemergency healthcare continued with Ms. Kirkpatrick.

Ms. Kirkpatrick timely appeals.

No. 37712-1-III
*In re Parenting & Support of L.M.P.*

ANALYSIS

Ms. Kirkpatrick appears to be making two arguments on appeal: (1) the trial court's parenting plan failed to comport with former RCW 26.09.191 (2019), and (2) the trial court should have excluded Vance Peterson's trial testimony based on late witness disclosure. Ms. Kirkpatrick's opening brief also makes passing reference to an unsuccessful hearsay objection to the reunification therapist's testimony. However, Ms. Kirkpatrick does not assign error to the court's hearsay decision or provide briefing on the hearsay issue. We therefore limit our review to the two above-enumerated issues.

*Parenting plan*

Ms. Kirkpatrick claims the trial court's decision failed to comport with former RCW 26.09.191, which provides for mandatory and discretionary restrictions in parenting plans.[1] Restrictions on decision-making and residential time are mandatory if the court finds willful abandonment or a substantial refusal to perform parenting functions. Former RCW 26.09.191(1) (2017); former RCW 26.09.191(2)(a) (2017).

_____

[1] Two pages of Ms. Kirkpatrick's opening brief contain passing reference to RCW 26.09.187. Opening Br. of Appellant at 3, 7. It does not appear Ms. Kirkpatrick is relying on RCW 26.09.187 as an independent basis for relief, given this statute references former RCW 26.09.191. To the extent Ms. Kirkpatrick intended to claim error under RCW 26.09.187 apart from former RCW 26.09.191, she has failed to do so. *See* RAP 10.3(a)(6) (requiring argument and citation to authority in support of issues presented for review).

4

Restrictions are discretionary where a parent has engaged in "neglect or substantial nonperformance of parenting functions." RCW 26.09.191(3)(a). We review a trial court's parenting plan decisions for abuse of discretion. *See In re Marriage of Kovacs,* 121 Wn.2d 795, 801, 854 P.2d 629 (1993).

Ms. Kirkpatrick appears to argue that the trial court should have made a mandatory finding under former RCW 26.09.191(1) and former RCW 26.09.191(2)(a) based on willful abandonment instead of a discretionary finding under RCW 26.09.191(3)(a) based on neglect. Ms. Kirkpatrick claims the trial court was negligent in crediting the testimony of the reunification therapist because, by the time of trial, the therapist had not seen L.P. for 18 months. Ms. Kirkpatrick also asserts that overwhelming evidence supported a finding of abandonment.

Ms. Kirkpatrick's criticism of the trial court's assessment of the evidence is not a basis of relief on review. As an appellate court, we are not in a position to reweigh evidence or assess credibility. *See In re Marriage of Bundy*, 12 Wn. App. 2d 933, 938, 460 P.3d 1111 (2020). The trial court had discretion to credit testimony from the reunification therapist. We will not revisit this decision.

In any event, Ms. Kirkpatrick's complaints about the trial court's analysis are of no moment. The trial court exercised its discretion to impose parenting restrictions

on Mr. Peterson under RCW 26.09.191(3)(a). Specifically, Mr. Peterson was not granted any decision-making authority over L.P. Because he was limited to supervised visitation, and the court did not afford the option of a dispute resolution process to solve any disagreements over the parenting plan. Any disputes over the parenting plan were required to be resolved in the trial court. Ms. Kirkpatrick fails to explain how the residential portion of the court's order would have been different if the court would have found mandatory restrictions under former RCW 26.09.191(1) and former RCW 26.09.191(2)(a) instead of discretionary restrictions under 26.09.191(3)(a). We note that restrictions on visitation are just that—restrictions. A finding justifying restrictions does not mean that visitation is eliminated. *See In re Marriage of Underwood*, 181 Wn. App. 608, 611, 326 P.3d 793 (2014).

*In limine order*

Ms. Kirkpatrick contends the trial court erred in admitting the testimony of Vance Peterson because he was not disclosed as a witness until the day of the trial. We review a trial court's in limine rulings for abuse of discretion. *Millican v. N.A. Degerstrom, Inc.*, 177 Wn. App. 881, 897, 313 P.3d 1215 (2013).

Ms. Kirkpatrick cites no authority indicating the trial court abused its discretion in refusing to exclude Vance Peterson from testifying. Exclusion of testimony is an

extreme remedy, appropriate in only exceptional circumstances. *See Jones v. City of Seattle*, 179 Wn.2d 322, 343, 314 P.3d 380 (2013) ("[L]ate-disclosed testimony will be admitted absent a willful violation, substantial prejudice to the nonviolating party, and the insufficiency of sanctions less drastic than exclusion."). Ms. Kirkpatrick has not shown any exceptional circumstances. In fact, she fails to point to any court order or rule setting forth a witness disclosure deadline that was violated. The trial court did not abuse its discretion in refusing to exclude the testimony.

## APPELLATE ATTORNEY FEES

Mr. Peterson argues he is entitled to attorney fees on appeal under RAP l8.9(a) because Ms. Kirkpatrick's appeal is frivolous. "An appeal is considered frivolous when it presents no debatable issues and is so devoid of merit that there is no possibility of reversal." *Griffin v. Draper*, 32 Wn. App. 611, 616, 649 P.2d 123 (1982). "All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant." *Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.,* 170 Wn.2d 577, 580, 245 P.3d 764 (2010) (per curiam).

We agree that sanctions should be assessed under RAP 18.9(a) based on a frivolous appeal. It could be that there were some valid issues available for review. For example, Ms. Kirkpatrick's attorney might have made a substantive argument over

whether introduction at trial of L.P.'s statements to her therapist fell within the hearsay exception for medical diagnosis or treatment. ER 803(a)(4). But counsel's briefing failed to elucidate any viable issues. The only case law cited in the brief pertains to the standard of review. The legal argument portion of the brief consists largely of a series of fragmented factual assertions without legal analysis.

Mr. Peterson's attorney represents that they were challenged in discerning how to respond to Ms. Kirkpatrick's briefing, thus increasing time and effort normally required of a response brief. Based on our review of Ms. Kirkpatrick's brief, we find this representation credible. Counsel for Mr. Peterson also represents that Ms. Kirkpatrick's poor briefing is part of a pattern of obstructive and incalcitrant conduct. The record does not support this claim.

We impose sanctions in the flat amount of $1,000, payable to counsel for Mr. Peterson. Because the lack of merit to Ms. Kirkpatrick's appeal appears attributable to counsel, not Ms. Kirkpatrick, we direct that sanctions shall be paid by Ms. Kirkpatrick's counsel.

No. 37712-1-III
*In re Parenting & Support of L.M.P.*

CONCLUSION

The order on appeal is affirmed. Mr. Peterson's request for sanctions is granted as follows: $1,000 in sanctions is imposed against counsel for Ms. Kirkpatrick, payable to counsel for Mr. Peterson.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Fearing, J.

9