IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Committed Intimate Relationship of | ) ) ) | No. 40463-3-III |
| WALKER HAMMOND, | ) ) | UNPUBLISHED OPINION |
| Respondent, | ) ) | |
| and | ) ) | |
| RENEE KINNICK, | ) | |
| Appellant. | | |

HILL, J. — Renee Kinnick and Walker Hammond were in a committed intimate relationship (CIR). When they separated, the court characterized a home Kinnick purchased with her separate funds as community-like property. The court ordered Kinnick to make an equalization payment to Hammond reflecting his share of the community equity in the home.

On appeal, Kinnick argues the trial court's findings do not support its conclusion that the home was community-like property. We agree. We reverse the trial court's finding that the home was a community-like asset with community equity and the court's order requiring Kinnick to make an equalization payment. We remand to the trial court to enter an amended order consistent with this opinion and then to consider property distribution in light of the home's recharacterization.

No. 40463-3-III
*In re the Committed Intimate Relationship of Hammond v. Kinnick*

BACKGROUND

Kinnick and Hammond met in 2016. They engaged in an on-again-off-again relationship until November 2017, when the two reconciled and Hammond moved in with Kinnick at her Olympia home. Kinnick was awarded the Olympia home in a previous divorce. Kinnick and Hammond moved to Spokane in the middle of August 2018. Kinnick used money from the sale of her Olympia home as a down payment on a home in Spokane in the fall of 2018. Hammond did not contribute any funds toward the purchase of the home. Although Hammond tore up and replaced some of the floors in the home, he did not complete the work.

In June 2022, Kinnick and Hammond separated. Sometime thereafter, Hammond initiated a CIR action, and the case proceeded to trial where the above facts were established. At the conclusion of the hearing, the court explained in its oral ruling that it found the parties were in a CIR from November 2017 to June 2022. Important to this appeal, the court ruled that the Spokane home was a community-like asset, reasoning:

> Here's where credibility comes in. Mr. Hammond has credibility issues based upon his child support circumstances. When Ms. Kinnick comes before this Court to say I don't have a committed intimate relationship, that goes to her credibility. Therefore, when I'm analyzing whether there is enough testimony to call this home, and the intent behind the purchasing of it, her separate property, I can't. The presumption has not been overcome, so I am characterizing the home a community-like asset. It

will be awarded to her. There is a separate interest in it because of the down payment made.

Rep. of Proc. at 692.

Ultimately, the court determined that Kinnick's down payment was her separate property but the equity was community-like property. The court awarded Kinnick the home but ordered that she make an equalization payment to Hammond reflecting his community interest in the equity. The court calculated the community equity in the home at $94,058 after finding the home's value to be $460,000 and subtracting the amount still owed on the mortgage and Kinnick's down payment.

Kinnick appeals.

## ANALYSIS

Kinnick does not challenge the court's finding that she and Hammond were in a CIR. Instead, she argues the trial court erred by concluding the Spokane home was community-like property and awarding Hammond a portion of the equity. Hammond offers only a brief reply, arguing that the trial court had the authority to distribute all the property equitably upon finding the existence of a CIR, regardless of its character.

A committed intimate relationship "is a stable, marital-like relationship where both parties cohabit with knowledge that a lawful marriage between them does not exist."

3

*Connell v. Francisco*, 127 Wn.2d 339, 346, 898 P.2d 831 (1995). Washington courts acknowledge that two individuals in a CIR might both possess an interest in property acquired during their relationship even though the title rests in only one person's name. *In re Committed Intimate Relationship of Muridan*, 3 Wn. App. 2d 44, 55, 413 P.3d 1072 (2018). Courts may equitably divide property following a CIR in a manner similar to dividing property in a marital dissolution proceeding. *Id.*

A trial court's designation of property as separate or community is a mixed question of law and fact. *In re Marriage of Schwarz*, 192 Wn. App. 180, 191-92, 368 P.3d 173 (2016). We review the court's factual findings supporting its characterization of the property as community or separate for substantial evidence. *Id.* at 192. We review de novo the court's conclusion as to the property's character. *Id.* We review the trial court's property division for abuse of discretion. *In re Marriage of Byerley*, 183 Wn. App. 677, 684-85, 334 P.3d 108 (2014). A trial court abuses its discretion if its decision is manifestly unreasonable, adopts a position no reasonable judge would take, is based on untenable grounds, or misapplies the law. *Muridan*, 3 Wn. App. 2d at 54; *In re Parenting & Support of L.H.*, 198 Wn. App. 190, 194, 391 P.3d 490 (2016).

Courts presume that property acquired during a CIR is community-like property. *Muridan,* 3 Wn. App. 2d at 56. This presumption is rebuttable because property retains

4

the character of the funds used to purchase it, meaning that property purchased by one partner with their separate funds during a CIR is that partner's separate property. *Morgan v. Briney*, 200 Wn. App. 380, 390, 403 P.3d 86 (2017). The party asserting that an asset acquired during the CIR is their separate property bears the burden of proving it was acquired with separate funds. *Id.*; *In re Marriage of Skarbek*, 100 Wn. App. 444, 449, 997 P.2d 447 (2000), *abrogated on other grounds by In re Marriage of Watanabe*, 199 Wn.2d 342, 350-51, 506 P.3d 630 (2022).

The trial court found that Kinnick traced the down payment on the Spokane home to her separate funds while Hammond contributed nothing. Neither party challenges these findings on appeal. These findings created a presumption that the home "'remained separate property in the absence of sufficient evidence to show an intent to transmute the property from separate to community property.'" *Schwarz*, 192 Wn. App. at 190 (quoting *In re Est. of Borghi*, 167 Wn.2d 480, 484, 219 P.3d 932 (2009) (plurality opinion)). Despite this presumption, the court found Kinnick's "claim that the [home] is her separate property fails due to her credibility issues in denying that a CIR relationship existed." Clerk's Papers (CP) at 22. While we defer to the trial court on Kinnick's credibility, there is no evidence in the record to show Kinnick intended to transmute the

home into a community asset, and the court never made such a finding.  Therefore, it was error for the court to conclude the equity was a community-like asset.

The court's equalization payment was based on the home's equity less Kinnick's down payment.  However,  "[t]here is a presumption that any increase in the value of separate property is likewise separate in nature." *In re Marriage of Lindemann*, 92 Wn. App. 64, 69-70, 960 P.2d 966 (1998).  Kinnick is entitled to the increase in value of her separately owned property, except to the extent to which Hammond can show that the increase was attributable to community contributions. *See id.*  While the court found Hammond "worked on the home" it made no finding that the increase in the home's value was attributable to this work.  CP at 22.  The court likewise did not find that Hammond made any mortgage payments from his separate property, or that there were any community contributions.

Finally, while Hammond is correct that a trial court is not required to award property based on its classification as separate or community, the court must have in mind the correct character and status of the property before the property can be divided. *Schwarz*, 192 Wn. App. at 191.  When a trial court mischaracterizes property, we will remand the matter for further consideration if "(1) the trial court's reasoning indicates that its division was significantly influenced by its characterization of the property, and

(2) it is not clear that had the court properly characterized the property, it would have divided it in the same way." *In re Marriage of Shannon*, 55 Wn. App. 137, 142, 777 P.2d 8 (1989). Such is the case here. Accordingly, we reverse the trial court's finding that the home was a community-like asset with community equity and the court's order requiring Kinnick to make an equalization payment (finding of fact 4.20, conclusions of law 5 and 6, and section 9(1)). We remand to the trial court for the entry of an amended order recharacterizing the home and equity and for the court to make any further property distribution in consideration of this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Hill, J.

WE CONCUR:

_____          _____
Staab, C.J.                                                    Murphy, J.

7